HAY ET AL *v.* THE STATE, EX REL. McCLANRAHAN ET UX.

PRACTICE.—*Amendment.*—*Objection to.*—*How Made.*—Where an amendment to the complaint in an action is permitted by the court, after it has an-

nounced its finding, the defendant, to make available an objection by him to such action of the court, must, at the time, make a showing that he has been prejudiced thereby.

SAME.—*Motion to Strike Out.—Supreme Court.*—Error in overruling a motion to strike out part of a pleading is not available on appeal to the Supreme Court.

SAME.—*Motion to Separate Complaint.*—A motion to cause a complaint to be separated into different paragraphs should be in writing, and assign reasons for the proposed separation.

SAME.—*Pleading.—Action on Guardian's Bond.—Duplicity.*—In an action by a ward, on arriving at maturity, on his guardian's bond, to recover for money of the ward withheld by the guardian, mere multiplicity of allegations of fact in the complaint, concerning the gist of the action, does not constitute duplicity.

SAME.—*Deposition.—Certificate of Officer.*—A statement by an officer taking a deposition, in his certificate thereto, that a party to the action had not appeared " in person or by attorney," is sufficient.

From the Vigo Circuit Court.

*W. E. McLean* and *I. N. Pierce,* for appellants.

*R. Dunnigan* and —— *Stimson,* for appellees.

PERKINS, J.—Suit by the State, on the relation of Letitia McClanrahan, a married woman (with whom her husband is joined), against her late guardian, Jacob A. Hay, and his sureties, on the bond of said guardian. The defendants answered the general denial and payment. Reply, denying payment. Trial by the court; finding and judgment for the plaintiff, in the sum of eighty-one dollars and sixteen cents.

After the court had made its finding, the plaintiff was permitted " to amend her complaint, in this, to wit: ' That such report showed, that, at that date, to wit, June 22d, 1869, there was a balance in said guardian's hands of $266.16, and that $53.23 was due the relatrix in this action, which he has ever since withheld and refused to pay to the relatrix.' "

Section 94 of the code of practice is as follows:

" No variance between the allegations in a pleading and the proof, is to be deemed material, unless it have actually misled the adverse party to his prejudice in main-

taining his action or defence upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just." 2 R. S. 1876, p. 80.

Under this section, the court had the right to permit the amendment; but when the question of permitting it was before the court, the defendants might have shown that they had been misled by the variance, to their prejudice, and wherein, and, by a sufficient showing, might have obtained terms as to the payment of costs, a continuance of the cause, etc. No such showing was attempted in this case. The amendment made no change in the issues of the case and was within them.

Overruling a motion to strike out a part of a complaint cannot be made available as error in the Supreme Court.

The court overruled a motion made by the defendants to require the plaintiff to separate her complaint into paragraphs. The motion does not appear to have been in writing, nor to have assigned any reason for the separation. The court did not err in overruling it.

But we incline to the opinion, that the complaint was not double. It was by a ward, after arriving at majority, upon the bond of her guardian, to recover the money due to her yet remaining in his hands, which he had failed to pay over on demand. The complaint recites a series of facts, in assigning the breach of the bond and showing the amount of money in his hands, but we think these multifarious matters, in the language of Stephen's Pleading, 250, " together constitute but one connected proposition or entire point."

The complaint was not as certain in its allegations as it might have been; but it alleged a cause of action. *Hart* v. *Crawford*, 41 Ind. 197. It was not error to overrule a demurrer to it.

Depositions were admitted in evidence. The certificate of the notary who took them closed thus:

"In testimony whereof I certify that my commission was dated on the 5th day of December, 1871, and expires on the 5th day of December, 1875, and I have hereunto set my hand and official seal, this 4th day of September, A. D. 1875, defendants not appearing in person nor by attorney.      P. F. GREENWOOD, Notary Public,
"Adair County, Missouri."

A motion to suppress the depositions, for the reason that the non-appearance of the defendants was not properly and sufficiently certified, was overruled, and this ruling is insisted upon as erroneous.

Section 272 of the code, 2 R. S. 1876, p. 146, is as follows:

"An unimportant deviation from any direction relative to taking depositions, shall not cause any deposition to be excluded, where no substantial prejudice would be done to the opposite party."

If there was any deviation from any direction relative to taking depositions in this case, we think it was an unimportant one, working no prejudice to the opposite party.

On the evidence, this court cannot reverse the judgment of the court below, nor abate its amount. 2 R. S. 1876, p. 590; Colburn v. The State, ex rel., etc., 47 Ind. 310.

Affirmed, with costs.