## DURHAM ET AL. *v.* FECHHEIMER ET AL.

PRACTICE.—*Assignments of Error.—Amendment of Complaint after Finding.*
—Assignments of error, that the court below erred in overruling a demurrer to the complaint and a motion in arrest of judgment, do not present any

question concerning the action of the court in permitting or directing the amendment of the complaint after the announcement of the finding.

SAME.—*Supreme Court.*—*Presumption.*—In such case, if the defendant is prejudiced or misled by the amendment, he must, under the provisions of section 94 of the practice act, 2 R. S. 1876, p. 80, show in what respect he was misled, so that the court may order the pleading to be amended upon such terms as may be just. In the absence of such showing, the Supreme Court will assume that the action of the court below was proper, and that the defendant was not prejudiced or misled thereby.

From the Parke Circuit Court.

. *P. S. Kennedy* and *W. T. Brush,* for appellants.

*A. Thomson, B. T. Ristine* and *T. H. Ristine,* for appellees.

Howk, J.—In this action, the appellees sued the appellants, in the Montgomery Circuit Court, in a complaint of two paragraphs.

To each of these paragraphs the appellants demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court, and to this decision the appellants excepted. They then answered in three paragraphs, of which the first was a general denial, and each of the other two set up affirmative matter as a defence. To the second and third paragraphs of the answer the appellees demurred, for the alleged insufficiency of the facts therein to constitute a defence to their action, which demurrer was overruled as to the third, and sustained as to the second paragraph of the answer, and to this latter decision the appellants excepted. To the third paragraph of the answer the appellees replied in two paragraphs, the first of which was a general denial, and the second was a special reply.

On the appellants' application, the venue was changed to the court below.

The issues joined were tried by the court, without a jury, and a finding was made for the appellees, in the sum of one hundred and twenty-eight dollars. The ap-

pellants' motions in arrest of judgment, and for a new trial, were severally overruled by the court, and to each of these decisions they excepted. Judgment was then rendered by the court on its finding, and from this judgment this appeal is now here prosecuted.

In this court, the appellants have assigned, as errors, the decisions of the circuit court in overruling their demurrer to the complaint and their motion in arrest of judgment.

From the errors thus assigned, it would seem that the only question properly presented for our decision is this: Did the appellees' complaint, or either paragraph thereof, state facts sufficient to constitute a cause of action? Yet that is not the question which the appellants' counsel, in their brief of this cause, have asked this court to decide. Counsel say:

"The only question we wish to raise in this case arises upon an amendment the court permitted the plaintiff below to make to the complaint, after the finding had been announced by the court."

It is very clear, we think, that this question is not presented by either of the errors assigned by the appellants on the record of this cause. For those errors simply call in question the sufficiency of the facts stated in the complaint to constitute a cause of action; but they do not, nor does either of them, in any manner question the action of the court in permitting or directing the amendment of the complaint, after the finding had been announced.

But if it were otherwise,—if the question, which the appellants' counsel say they wish to raise in this case, were fairly presented by the errors assigned, or either of them,— it would seem to us that no error was committed by the court in allowing or directing the appellees to amend their complaint, after the finding was announced. If the appellants were prejudiced or misled by the amendment of the complaint, it was incumbent on them, under the provi-

sions of section 94 of the practice act, to show in what respect they had been misled; "and thereupon the court may order the pleading to be amended upon such terms as may be just." 2 R. S. 1876, p. 80. In the absence of any showing by the appellants to the contrary, in this case, we are bound to assume that they were neither prejudiced nor misled by the amendment which the court permitted the appellees to make to their complaint, after the finding had been announced. The action of the court in allowing the amendment to be made to the complaint, it must be presumed, was legal and right; and, if it was erroneous, we can only say that the appellants have wholly failed to point out and present the supposed error, in and by their assignment of errors. *Hay* v. *The State, ex rel.,* 58 Ind. 337; *Myers* v. *Murphy,* 60 Ind. 282.

We find no available error in the record.

The judgment is affirmed, at the appellants' costs.

Petition for a rehearing overruled.