### KNOWLES ET AL. *v.* REXROTH.

PLEADING.—*Amendment of, after Introduction of Evidence.—Re-Swearing of Jury.—Practice.*- There is no error in permitting a plaintiff to amend his complaint after he has introduced his evidence to the jury, where the

Knowles *et al. v.* Rexroth.

amendment does not change the issues ; and it is not necessary to re-swear the jury.

SAME.—*Exception.*— *Waiver.*—Where a party desires to avail himself of any error in allowing an amendment, he must at the time make a showing to the court that he has been misled by such amendment and in what respect he has been misled ; and if such party wishes to reserve any alleged error in proceeding with the·case without re swearing the jury after the amendment is made, he must object and except at the time, or the supposed error will be waived.

From the Tippecanoe Superior Court.

*M. Milford*, for appellants.

*B. K. Higinbotham* and *C. E. Lake*, for appellee.

BIDDLE, J.—Suit to set aside a deed made by William Knowles to James Knowles, conveying certain real property, upon the alleged ground of fraud.

The appellee brought the suit as a judgment creditor. Verdict and judgment for appellee. Appeal.

After. the plaintiff below had introduced his evidence to the jury, on motion and by leave of the court, and over the objection and exception of the· appellant, he was allowed to amend his complaint by making the following averment a part of it : " And had not, at the time of said conveyance, any other property out of which said judgment could be made."

In the amended complaint, upon which the trial was had, we find the following averment : " And that the defendant William Knowles has no other sufficient property out of which said judgment could be collected, and had not, at the time of said conveyance, any other property out of which said judgment could be made."

The separate answers of the defendants were specially directed to this· amended complaint.

The appellants complain that it was error to allow the amendment to be made, and also error to proceed with the trial after the amendment was made, without re-

swearing the jury. These are the only objections made to the record, in the brief of appellants.

We can see no necessity for the amendment. It did not change the effect of the complaint in the least. Nor was there any necessity to re-swear the jury. The issues were not changed by the amendment.

There is no error in the record.

We may add, however, that, if the appellants desired to avail themselves of any error in allowing the amendment, it was necessary at the time to make a showing to the court that they had been misled by the amendment, and in what respect they had been so misled. No such showing was made, or attempted to be made. 2 R. S. 1876, p. 80, sec. 94; Buskirk Prac. 338; *Hay* v. *The State, ex rel.*, 58 Ind. 337.

And if the appellants wished to reserve any alleged error in proceeding with the case after the amendment was made, without re-swearing the jury, they should have objected and excepted at the time. No objections were made nor exceptions reserved. The supposed error, therefore, is waived. For the doctrine of waiver, see the following authorities: *Miller* v. *Hays*, 20 Ind. 451; *Bradley* v. *The Bank, etc.*, 20 Ind. 528; *Croy* v. *The State*, 32 Ind. 384; *Fisher* v. *Hobbs*, 42 Ind. 276; *Hay* v. *The State, ex rel.*, *supra*; *Thomas* v. *Wood*, 61 Ind. 132; Buskirk Prac. 286–289.

The judgment is affirmed, at the costs of the appellants.