## LEIB ET AL. *v.* BUTTERICK ET AL.

PLEADING.—*Bill of Particulars.*—In an action for goods sold and delivered, a bill of particulars containing an account for merchandise denominated " paper patterns," with proper dates and amounts, sufficiently apprises the defendant of the nature and amount of the claim sued for, and is therefore sufficiently specific.

SAME.—*Amendment after Evidence is Heard.—Continuance.*—It is within the discretion of the court, after a cause has been submitted to it for trial upon the original paragraphs of complaint, and after the evidence is heard, to allow the plaintiff to amend by filing an additional paragraph of complaint, in order to avoid any variance and conform the pleadings to the facts proved ; and if no good cause be shown by the defendant, by affidavit, for delay until the next term of court, in order to make up the issues on the added paragraph, the court may require them to be made up at that term.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellants.

*J. D. Osborn* and *E. G. Herr,* for appellees.

WORDEN, J.—This was an action by .the appellees, against the appellants. The complaint originally contained two paragraphs, the first for goods sold and delivered, and the second upon an acceptance. There was a third paragraph of complaint afterward added, which will be noticed hereafter. The issues joined were tried by the court, resulting in a finding and judgment for the plaintiffs.

The following are the errors assigned :

" 1st. The court erred in not requiring a more specific bill of particulars to be filed with the first and third paragraphs of complaint.

" 2d. The court erred in permitting the appellees to file a third paragraph of complaint.

" 3d. The court erred in compelling appellants to answer said third paragraph of complaint, contrary to rules 4 and 5 of the court.

" 4th. The court erred in overruling the demurrer to the third paragraph of the complaint.

" 5th. The court erred in overruling the motion for a new trial."

We proceed to consider the assigned errors in their order.

The bill of particulars, it seems to us, might, without error, have been regarded as sufficiently specific. It contained an account for merchandise, denominated " paper patterns," with proper dates and amounts. The bill might have shown more specifically the number of patterns, and of what the patterns were patterns, but it sufficiently apprised the defendants of the nature and amount of the claim sued for.

The second and third errors assigned may be considered together.

It appears by a bill of exceptions that the cause was submitted to the court for trial on the two original paragraphs of the complaint, and, after the evidence had all been heard, the plaintiffs asked and obtained leave to file an additional and third paragraph. The added paragraph was based upon a special contract under which the goods mentioned in the first paragraph were sold and delivered by the plaintiffs to the defendants, and was added, as we suppose, in order to avoid any variance, and to conform the pleadings to the facts proved.

Issue being taken upon the added paragraph, no further

evidence was offered by either party, but, by agreement of the parties, the court passed upon the case upon the evidence already given.

Upon the filing of the additional paragraph, the defendants asked that the cause be continued until the next term of the court, in order to make up the issues upon it, but the court overruled the motion, and required the defendants to plead to the paragraph at that term.

In all this it seems to us there was no error. It was within the discretion of the court to allow the amendment to be made by the filing of the additional paragraph of complaint; and, as no good cause was shown by affidavit for delay until the next term of the court in order to make up the issues, the court was quite right in requiring them to be made up at that term. Code, secs. 94 to 99 inclusive; *Hay* v. *The State, ex rel.*, 58 Ind. 337; *Durham* v. *Fechheimer*, 67 Ind. 35.

The rules of the court below, which are supposed to have been violated by requiring the defendants to answer the additional paragraph of complaint at that term of the court, are set out in the bill of exceptions, but we do not deem it necessary to extend this opinion by copying them here. We are of opinion that the rules were not violated by the ruling of the court.

No objection has been pointed out to the third paragraph of complaint, and we see none.

This brings us to the last assignment of error, the overruling of the motion for a new trial. It is insisted that the amount found for the plaintiff was too large. Upon looking through the evidence, we can by no means say that the amount found was too large, or that the finding was not in all respects sustained by the evidence.

The judgment below is affirmed, with costs.