Child *et al.* *v.* Swain *et al.*

---

## CHILD ET AL. *v.* SWAIN ET AL.

COPARTNERSHIP CONTRACT.—*Action for Breach of*—*Pleading.*—*Damages.*— A complaint upon a written contract of copartnership between the plaintiff and the defendant, alleging full performance on the plaintiff's part, and facts showing that the defendant has grossly violated his duties under said contract and wholly failed to perform his part thereof, and further alleging that, by reason of such failure of the defendant to perform his part of said contract, the plaintiff has sustained damages in a certain sum, for the recovery of which judgment is demanded, is sufficient to show a breach by the defendant of his part of said contract, and that by reason of such breach the plaintiff has sustained damages at least to the extent of the sum paid by him to the defendant as an inducement to the formation of said copartnership.

PRACTICE.—*Amendment of Complaint after Trial.*—*Discretion of Court.*— Under section 94 of the practice act, 2 R. S. 1876, p. 80, it is within the discretion of the trial court to allow the plaintiff to amend his complaint after the trial has commenced, or even after the close of the trial; and the adverse party can not complain, in the Supreme Court, of such ruling, where the record fails to show that he proved to the satisfaction of the trial court, at the time leave to amend was granted, that he was misled by the amendment, and in what respect he was so misled.

SAME.—*Supreme Court.*—Where it appears from the record that the merits of the cause have been fairly tried and determined in the court below, the statute forbids that the judgment be stayed or reversed by the Supreme Court.

From the Marion Superior Court.

*D. V. Burns,* for appellants.

*B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellees.

HOWK, C. J.—In this case, it appears from the record on file in this court, that on the 28th day of December, 1876, the appellee David F. Swain, as sole plaintiff, commenced an action against the appellant John A. Child, as sole defendant, to recover damages for the alleged breach by said defendant of a written contract of copartnership, executed on the 22d day of November, 1876, by and between the said Swain, the said John A. Child, and the appellee James Kearney Graham. With his complaint the said Swain filed the proper affidavit and undertaking for an order of attachment against the property of said John A. Child, and also an affidavit in garnishment against the appellants Albert R. Baker and Louis Schmidlap.

The appellant John A. Child answered said Swain's complaint and affidavit in attachment by a general denial thereof; and the garnishees, Baker and Schmidlap, answered that they had sufficient funds of said John A. Child under their control to pay any judgment which said Swain might recover in this action.

On the 12th day of April, 1877, the appellee James Kearney Graham, as sole plaintiff, commenced an action against said John A. Child, as sole defendant, to recover damages for an alleged breach by said Child of the same contract of copartnership between him and the said Graham and the said Swain. With his complaint the said Graham also filed an affidavit and undertaking in attach-

ment. To said Graham's complaint and affidavit the appellant John A. Child answered by a denial of the matters stated therein.

The two causes above mentioned were consolidated, and, as such consolidated cause, were submitted to the court for trial; and, during the progress of the trial, each of the said plaintiffs was allowed by the court to amend his complaint to which amendments the appellants excepted and filed their bills of exceptions. At the appellants' request, the court made a special finding of the facts and of its conclusions of law thereon, in substance, as follows:

" The above causes being submitted to the court for trial by agreement, without a jury, the defendant asks the court for a special finding of facts and conclusions of law thereon, which the court makes, as follows:

" 1. On the 22d day of November, 1876, and for a long time before, and up to the 22d day of November, 1876, the defendant John A. Child was a resident of the city of Indianapolis; that on said 22d day of November, 1876, said Child was, and for a long time prior thereto had been, an insurance agent at Indianapolis, representing several first-class fire insurance companies, and was, as such agent, doing a business, the net profits of which were about $3,000 per annum.

" 2. That the reputation of said Child at Indianapolis, at and before said November 22d, as a citizen, business man and insurance agent, was excellent, and his name and the good-will of his said business were valuable.

" 3. That on said November 22d, 1876, said Swain, Graham and Child entered into the contract in writing, a copy of which is filed with the complaint in each of the above named cases.

" 4. In pursuance of said contract, plaintiff Swain, on or about December 1st, 1876, executed and delivered to said Child his promissory notes, payable at a bank of discount and deposit in the State of Indiana, secured by

mortgage and drawing interest, to the full amount of $1,000, which notes were then and there delivered and received by said Child in payment of said $1,000 stipulated for in said contract; said notes were immediately and before maturity by said Child sold to an innocent purchaser for value, who still holds such of them as have not been paid by said Swain; said notes were abundantly secured by mortgage on real estate, and said Swain has paid a part of them, and is bound for and abundantly good and able to pay the balance.

" 5. That the plaintiff Graham, in pursuance of said contract, paid to said Child on or about December 1st, 1876, the sum of $233.33 in cash, and executed his two notes, payable at a bank of discount and deposit in the State of Indiana, for the residue of the $875.00 stipulated in said agreement to be paid by him, being $641.67; which notes said Child, immediately and before maturity sold to an innocent purchaser for value, who has sued the same, obtained judgment and execution thereon, and which execution has been returned *nulla bona.* An interest in at least one article of office furniture was, by the terms of said contract, sold to said Graham, and he was put into and still retains possession thereof.

" 6. On December 1st, 1876, said firm, consisting of said Child, Swain and Graham, as provided for in said contract, commenced business and carried on said business, under said contract, until December 22d, 1876, during which time said Child gave very little attention to said business, and the net profits thereof amounted to about '$160, of which the share of said Child was carried to his credit on the books, and is held for him, though neither of said plaintiffs have ever offered to account to defendant Child for any portion of the profits of said firm.

" 7. That on said December 22d, 1876, the agency of all the insurance companies represented by said firm

stood in the name either of said Child alone, or of said Child, Swain & Co., that being the firm name.

" 8. On said Dec. 22d, 1876, said Child, without any notice to either of his partners, abandoned and severed his connection with said firm, abandoned his wife and children, absconded from the city of Indianapolis and State of Indiana, in a disgraceful manner, and thereby brought great discredit, not only on his own name, but on said firm and its reputation and business.

" 9. That Child has never returned to the State of Indiana, but went immediately to Oregon, where he has ever since resided and now resides; that, by said flight and abandonment by said Child, said Swain and Graham were greatly embarrassed in their said business, and put to great trouble and expense in and about the procuring and retaining the agency of said insurance companies, with most of which their connection theretofore had been solely through said Child; their business was greatly damaged; they lost all benefit of his name, influence, and the good-will of his said business, and thereby the said Swain was damaged in the full amount of the $1,000 so paid by him, and the said Graham in the full amount of $233.33 so paid by him.

" 10. That, since his said flight, said Child has never communicated with either said Swain or Graham in any way, nor offered to perform his part of said contract; but said plaintiffs fully performed all the obligations on their part, under said contract.

" 11. That, prior to leaving the State of Indiana, said Child sold a considerable part of his property and took the proceeds with him, and tried to sell all his property before leaving, but did not succeed, and thus left property, in the State of Indiana, in value equal to or in excess of his debts, but he left no money or other funds presently available for the payment of his debts, and the property left

by him in the State of Indiana consisted principally in some land in Clay county, and an undivided interest in the firm of Schmidlap & Co., in Indianapolis, Indiana.

"12. At the time said Child entered into said contract of November 22d, 1876, he did not intend to carry out and perform his part thereof, but he intended to get the money of said Swain and said Graham, and give them no value therefor; that he justly owed and still owes said Swain the sum of $1,000, and said Graham the sum of $233.33, and he left the State with intent to cheat them out of the same.

"13. That, prior to leaving the State, said Child executed to a citizen and lawyer of Indianapolis a power of attorney, authorizing him to transact all business for him, in relation to said firm business and otherwise; but said attorney has never, in any way, done or offered to do anything in aid of said business, but has, under the direction of said Child, in every legal way, strove and still strives to assist said Child in keeping said money, without giving any equivalent therefor."

As conclusions of law from the foregoing facts, the court finds:

"1. That said partnership of Child, Swain & Co. was dissolved by the wrongful acts of said Child, and that he is justly liable to said Swain and said Graham respectively in the amount of damages by them sustained by reason of his said wrongful acts;

"2. That said Child left the State of Indiana, with intent to defraud his creditors;

"3. That said Child is now, and ever since Dec. 22d, 1876, has been, a non-resident of the State of Indiana;

"4. The garnishees, Baker and Schmidlap, having admitted that they have funds of said Child, in their hands, sufficient to pay the claims of plaintiffs, are liable to pay the same.

(Signed,)      "DANIEL WAIT HOWE, Judge M. S. C."

To each of the said conclusions of law, the appellants excepted. Afterward, the appellant Child moved the court to render judgment in his favor, on the special findings, against each and both of the appellees, which motion was overruled, and to this ruling the said Child excepted and filed his bill of exceptions. The appellant Child then moved the court for a new trial as to each of the appellees, which motions were overruled and to these decisions he excepted. The court then rendered judgments in favor of the appellees, and against the appellant Child and the garnishees, for damages assessed in favor of the appellees respectively, and for the sale of the attached property, and for the costs of suit.

From this judgment the defendant Child and the garnishees appealed to the court below, in general term, where the judgment of the special term was in all things affirmed; and from this judgment of affirmance this appeal is now here prosecuted.

The judgment of the court in general term is assigned as error by the appellants and this alleged error brings before this court the errors which they assigned in the court below, in general term, as follows:

1. The overruling of said Child's motion for judgment on the special findings, in each of the cases;

2. The leave given each of the appellees to amend his complaint, after the submission of the cases to the court for trial;

3. Neither of the complaints stated facts sufficient to constitute a cause of action, without said amendments, and therefore the court erred in rendering judgments thereon;

4. The overruling of the motion for a new trial in each of said cases; and,

5. The rendition of a personal and absolute judgment

against the garnishees, Baker and Schmidlap, and also the rendition of a judgment against them for costs.

We will consider and decide the several questions arising under these alleged errors in the same order in which the appellants' counsel has presented and discussed them in his brief of this cause in this court.

It is earnestly insisted, on behalf of the appellant John A. Child, that the appellees in each of their complaints have sued for the recovery back of the consideration paid by them respectively to said appellant, upon the ground that the contract of copartnership entered into by and between him and the appellees had been mutually rescinded. If this were the true theory of the appellees' complaints, it would seem to us that the elaborate brief of the appellants' learned counsel would be entitled to very serious consideration; for in that event we should incline to the opinion that the complaints of the appellees were defective. But our examination of these complaints has led us to the conclusion that the appellants' counsel has misapprehended or misconstrued the facts alleged therein. Each of the appellees, in his complaint, has grounded his cause of action against the appellant John A. Child, upon the written contract of copartnership entered into by said Child with the appellees; each of them alleged the full performance, on his own part, of all that he was required to do and perform under the terms of said contract; and each of them showed clearly and explicitly, by the allegations of his complaint, that the said John A. Child had grossly violated his duties under said contract, and had failed to keep and perform the stipulations therein on his part to be kept and performed. In each of their complaints, each of the appellees alleged that, by reason of the failure of said Child to perform his part of said contract, the said appellee had sustained damages in a certain specified sum, for the recovery of which he demanded judgment. We are clearly of the opinion that each of the com-

plaints stated facts amply sufficient, if sustained by the evi-
dence, to show a breach by the appellant Child of his part
of the contract in suit, and that, by reason of such breach,
each appellee had sustained damages at least to the extent
of the sum paid by him to said John A. Child as an in-
ducement to the formation of said copartnership. As we
understand the allegations of these complaints, it can not
be fairly inferred therefrom that the appellees sued therein
" to recover back the consideration paid, because the con-
tract had been mutually rescinded." Therefore, it seems
to us that the appellants' counsel has wholly mistaken the
facts stated by the appellees in their respective complaints,
and the object and purpose of their respective actions.

It is claimed by the appellants' attorney that the court,
at special term, clearly erred in permitting the appellees to
amend their respective complaints after the trial of the
causes had commenced. The amendment complained of
consisted in this: Each of the appellees alleged in his com-
plaint, in substance, that he had fully performed all the
conditions of said contract on his part to be performed.
It was within the discretion of the court, we think, to allow
the appellees to make such an amendment to their respec-
tive complaints, after the trial had commenced, or even
after the close of the trial. The making of such an
amendment at such times, with the leave of the court first
had, is fully authorized, as it seems to us, by a fair con-
struction of the provisions of section 94 of the practice
act, 2 R. S. 1876, p. 80. The adverse party can not be
heard, in this court, to complain of the action of the trial
court in granting such leave to make such amendment,
where, as in this case, the record fails to show that such
party had proved to the satisfaction of the court, at the
time, that he was misled by such amendment, and in what
respect he had been misled. No such proof was made or
offered by the appellants in this case. *Hay* v. *The State,*

*ex rel.*, 58 Ind. 337 ; *Durham* v. *Fechheimer*, 67 Ind. 35 ; and *Leib* v. *Butterick*, 68 Ind. 199.

Only one other question is presented or discussed by the appellants' counsel in his brief of this cause in this court, and that is, as we understand the argument, that the findings of the court are not sustained by sufficient legal evidence. We have carefully read the evidence, as it appears in the record; and it seems to us that the facts found by the court are fully sustained by an abundance of competent evidence, and fully authorize and support the court's conclusions of law. It appears to us from the record, " that the merits of the cause have been fairly tried and determined in the court below, " and in such case the statute forbids that the "judgment be stayed or reversed, in whole or in part," by this court. 2 R. S. 1876, p. 246, sec. 580.

The udgment of the court, in general term, is affirmed, at appellants' costs.

Petition for a rehearing overruled.