No. 8154.

## SHROPSHIRE v. KENNEDY, ADMINISTRATOR.

PRACTICE.—*Amendment of Pleadings.*—Leave to amend or file additional pleadings is much in the discretion of the trial court, and should only be given on cause shown by affidavit where it is proposed to make a new issue, and never when the new pleading would be bad on demurrer.

PRINCIPAL AND SURETY.—*Decedents' Estates.—Promissory Note.—Answer.— Misrepresentation.—Fraud.*—An answer by a surety in a promissory note executed to an administrator at a sale of the effects of a decedent, alleging that the only consideration for the note was goods purchased at such sale by the wife of the principal; that she was an heir of the decedent; that the administrator falsely and fraudulently represented to the surety that there would be a large amount of money due her from the estate; that if he would sign the note as surety for her husband, he would never be required to pay it; that by such representations he was induced

to sign it; that the representations were false, and known to be so when made, and that the estate is insolvent, is insufficient on demurrer.

From the Rush Circuit Court.

*J. Helm, J. D. Megee, G. B. Sleeth* and *J. W. Study,* for appellant.

*F. Bigger* and *J. J. Spann,* for appellee.

BLACK, C.—This was an action by the appellee, administrator with the will annexed of the estate of James Goddard, deceased, against the appellant and one James H. Plank, upon a promissory note made by the defendants to the appellee. The appellant alone defended, there being no appearance by or for said Plank.

The appellant answered in two paragraphs. The first was the general denial. The second alleged that the note in suit was executed by said Plank as principal, to said administrator, for property purchased at the sale of the effects of said decedent, and that, after said property had been delivered to said Plank, and said note had been duly executed, delivered and accepted by said administrator, as evidence of said debt, said administrator requested appellant to sign it for the purpose of compliance with the law requiring an administrator to take surety on a note given for property so purchased upon credit; and that appellant thereupon signed it. The appellee replied to the second paragraph of the answer by a general denial. Trial by the court. Finding and judgment against the appellant.

After the issues had been closed, and when the cause had been called for trial, and a jury had been waived, and the cause had been submitted for trial to the court, the appellant asked leave to file an additional paragraph of answer.

The paragraph so offered alleged that no part of the consideration of the note passed to the appellant; that he only signed said note as surety for his co-defendant; that the note was given for goods purchased by one Charlotte Plank, wife of said co-defendant, at the sale by said administrator of the

effects of his decedent, and this was the only consideration for said note; that said Charlotte was one of the heirs and legatees of said decedent, and, as such, entitled to one-half of said decedent's estate; that the appellee fraudulently, wilfully, knowingly and corruptly represented to the appellant "that there was a large amount of money that would be" due to said Charlotte from said estate, to wit, $5,000, and that, if appellant would sign said note as surety for his co-defendant, so that the appellee could comply with the law requiring him to take good and approved surety on notes given for property sold at such sale, the appellant should never be required to pay said note, and the appellee would never request the appellant to pay the same; that by said representations appellant was induced to sign said note as such surety, and he would not have done so had it not been for said representations; that said representations were false, and known to be false when so made; that said estate is insolvent, and that there will be no money or property coming or due to said Charlotte on final settlement of said estate, or at any time.

Accompanying this offered paragraph of answer was the affidavit of appellant to the effect that he did not discover that he could prove the facts averred in said paragraph until after the issues had been joined; that, prior to that time, he had made diligent enquiry as to the facts regarding the representations made to him to induce him to sign said note, but that the persons who knew of said false and fraudulent representations would not and did not inform him that they would swear to said facts until after the time when said issues were joined.

The court refused permission to file said additional paragraph. This refusal is assigned as error. The overruling of a motion for a new trial, one of the causes stated therein being such refusal, is also assigned as error.

In Burr v. Mendenhall, 49 Ind. 496, upon a review of former cases, which were found to be conflicting, it was held

that the granting of leave to amend the pleadings after the issues have been closed is very much within the sound legal discretion of the trial court, and that such leave should only be granted in a proper case and upon good cause shown by affidavit, where the amendment makes a new issue or adds a new cause of action or ground of defence.

Passing by the manifest insufficiency of the appellant's affidavit, we must hold that the answer which he offered to file did not present a sufficient defence.

Though the note was given for goods purchased of the payee by Charlotte Plank, the debt evidenced by it was not her debt. The appellant became her husband's surety, not hers. Whatever property she might receive as heir or legatee would be her separate property, and not liable for the debts of her husband. The statement of the administrator as to the amount she would derive from her father's estate could not constitute a material inducement to the appellant to become the surety of her husband.

The assurance given by the appellee to the appellant, that if the latter would sign the note as surety, so that the former could comply with the law requiring him to take good and approved surety, the appellant should never be required to pay the note and the appellee would never request him to pay it, was an assurance of a kind very commonly given to induce persons to sign as sureties, but it was one which could not have deceived the appellant.

The refusal of permission to file the additional answer was not erroneous.

The motion for a new trial also assigned as causes that the finding was contrary to the evidence and contrary to law.

The note was introduced in evidence, and this was the only material item of evidence as to which there was no contradiction. There was testimony tending to prove that the note was signed by the appellant at the solicitation of the principal, and not of the payee; that it was given for goods purchased by the principal at the administrator's sale; and that

the goods were not delivered to the purchaser until after the note had been executed by both the principal and the surety.

The finding was not unsupported by sufficient evidence, and was not contrary to law.

The judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion, the judgment is affirmed, at the appellant's costs.