No. 9054.

## THE TOWN OF MARTINSVILLE v. SHIRLEY ET AL.

PRACTICE.—*Amendment of Complaint During Trial.—Affidavit of Prejudice.—Discretion of Court.*—It is within the discretion of the court to permit the plaintiff during the trial of a cause to amend his complaint; and, in such case, unless the record shows by affidavit or other evidence, that the defendant was misled or prejudiced by such amendment, and in what respect, the Supreme Court will conclude that he was not prejudiced either by such amendment or by the leave of the court to make the amendment.

SAME.—*Instructions.—Refusal of.—Harmless Error.*—The refusal of the court to give instructions at the request of a party, although they state the law correctly, and are applicable to the case, is a harmless error, if it be shown by the record that the law of such instructions was given in the instructions of the court, of its own motion and in its own language.

INCORPORATED TOWN.—*Streets.—Damages to Abutting Proprietors.—Negligence.—Evidence.—Defence.*—Where an incorporated town itself undertakes the improvement of its streets, and is sued by an abutting proprietor to recover damages resulting from its negligence in doing the work, it is no defence to the action that the improvement of the streets enhanced the market value of the plaintiff's property; and, therefore, evidence offered of such increased market value was incompetent and properly excluded.

From the Morgan Circuit Court.

*L. Ferguson, E. M. McCord, G. A. Adams* and *J. S. Newby,* for appellant.

*G. W. Grubbs,* for appellees.

HOWK, J.—In this action the appellee William S. Shirley, as sole plaintiff, sued the appellant, and Samuel J. Manderville and William Cox, who are made appellees in this court, as defendants, in a complaint of two paragraphs. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, as against the appellant, the Town of Martinsville, assessing his damages in the sum of $109, and finding for the defendants Manderville and Cox. Over the appellant's motion for a new trial, and its exception saved, the court rendered judgment on the verdict.

A number of errors have been assigned by appellant; but its counsel, in their brief of this cause, have confined their argument to three only of these errors, and the others will be regarded as waived. The three errors relied upon by appellant for the reversal of the judgment below are as follows:

1. Error of the court, in permitting the appellee Shirley to amend his complaint during the trial of the cause;

2. The court erred in refusing to give the instructions numbered 1, 2 and 3, asked by the appellant; and,

3. Error of the court in excluding the offered testimony of certain witnesses.

We will consider and pass upon these alleged errors in their enumerated order.

1. The record shows that, during the trial of the cause, the appellee Shirley asked and obtained leave of the court to amend his complaint, so as to make the same conform to the evidence already introduced, by inserting in the first paragraph thereof the following additional averments: "That they also hauled and placed upon the street, opposite and north of plaintiff's property, and in close proximity to the same, a large amount of soil, which soil was mostly sand and liable to wash, and did not gravel or sod the same; that said soil has washed down from said grade upon and over plaintiff's property and upon his garden and orchard, and over and upon his buggy shed and greatly damaged the same, and has rendered his access to and from his said buggy shed inconvenient and almost impossible, by which plaintiff has also been greatly damaged." And by inserting in the second paragraph the following additional allegations: "That said defendants also cut from said street, adjoining plaintiff's property, a large amount of soil and removed the same and placed it along and upon the street, north of and adjoining plaintiff's property, making a grade along the same; that said soil so placed was not protected in any way by gravel or sod, or in any other way, and has washed down and upon plaintiff's property, garden, orchard, etc., and upon and over his buggy shed and out-

houses; that said soil has been placed so near to said buggy shed as to render his access to said property and buggy shed inconvenient and difficult, and has greatly damaged. his property."

The appellant objected at the proper time to these amendments, "upon the ground that the court possessed no power to permit an amendment upon trial, which introduced a new cause of action." The objections were overruled by the court, and exceptions to the rulings were saved by appellant.

In making these additional averments, by way of amendment to either paragraph of his complaint, the appellee Shirley did not, we think, introduce a new cause of action, but he simply stated more fully and clearly than he had previously done some of the grounds upon which he relied for a recovery. It was within the discretion of the trial court, under a fair and reasonable construction of section 94 of the civil code of 1852 (section 391, R. S. 1881), to allow the appellee Shirley, at any time during the trial, to so amend his complaint or either paragraph thereof. The defendant can not complain in this court, either of the leave below to so amend the complaint, or of such amendment there made, where the record fails to show, as it does in this case, by evidence or proof to the satisfaction of the court, that he had been misled, and in what respect he had been misled to his actual prejudice, in maintaining his defence upon the merits, by reason or on account of the plaintiff's amendments to his complaint. In the absence of such a showing, we are bound to conclude as we now do, that the defendant was not actually prejudiced in any manner or to any extent by the plaintiff's amendments to his complaint, or by the action of the court in giving him leave to make such amendments to his complaint, or to either paragraph thereof. *Hay* v. *State,* ex rel., 58 Ind. 337 ; *Durham* v. *Fechheimer,* 67 Ind. 35 ; *Leib* v. *Butterick,* 68 Ind. 199 ; *Child* v. *Swain,* 69 Ind. 230.

2. There is no available error in the court's refusal to give the jury trying the cause the instructions numbered 1, 2 and

3, at the appellant's request. The court gave the jury, of its own motion, the law of these instructions in its own clear and forcible language; and when this has been done it is well settled that the court may properly refuse to give the instructions requested, although they state the law correctly and are applicable to the case on trial.

3. The appellant produced on the trial certain named witnesses, and offered to prove by them and each of them that they were resident freeholders in the town of Martinsville, and well knew the property of appellee Shirley, described in his complaint, and the streets surrounding the property, before the grading and removal of dirt complained of by Shirley were done, and had known the property since; and that, by said grading and removal of dirt, the market value of Shirley's property had been increased. The offered evidence was objected to by appellee Shirley, on the ground of its incompetency and irrelevancy; which objections were sustained by the court, and the evidence excluded; and to these rulings the appellant excepted. The court did not err, we think, in excluding this offered evidence on the ground of its irrelevancy. The market value of Shirley's property was entirely foreign to the matters in issue in this case. Shirley did not claim that the market value of his property was depreciated, but the gist of his complaint was that he had been damaged in the use and enjoyment of his property, as his family residence and home, by the alteration in the grades of the adjoining streets, by the careless and negligent manner in which the work had been done and the grades and fills constructed, and by the unfinished and unprotected condition in which the streets had been left. He complained of the injury to his home, of the damage to his garden and orchard, of the destruction of his shrubbery and his fruit and ornamental trees, and of the deprivation of the comforts and conveniences of his family residence. It is no answer to such a complaint to say that the grievances complained of, although they injured his property as a home and deprived him of its comfortable en-

joyment, had enhanced its market value. It seems to us, therefore, that the offered evidence was properly excluded. *Turner* v. *Rising Sun, etc., Turnpike Co.,* 71 Ind. 547.

We have found no error in the record of this cause. The judgment is affirmed, with costs.