Darrell v. The Hilligoss, Miller, Moscow and Rushville Gravel Road Co.

No. 9729.

## DARRELL v. THE HILLIGOSS, MILLER, MOSCOW AND RUSH- VILLE GRAVEL ROAD COMPANY.

GRAVEL ROAD COMPANY.—*Subscription to Capital Stock.*—*Sufficiency of Complaint.*—In a suit by a gravel road corporation against a subscriber to its capital stock, upon his stock subscription, wherein he has agreed to pay a certain sum per share for a certain number of shares of its capital stock, at such times and in such manner as required by its directors, it is not necessary to the sufficiency of the complaint that it should allege the completion of its line of gravel road as described in its articles of association, or that it has constructed or will construct a gravel road upon the line or route described in its articles of association.

PLEADING.—*Answer.*—*Demurrer.*—*Harmless Error.*—Where a demurrer is. sustained to a paragraph of answer, and it appears that all the material facts alleged therein could have been given in evidence under another paragraph of answer, which remains in the record, the error in sustaining such demurrer, if it be an error, is harmless, and will not authorize the reversal of the judgment.

Darrell *v.* The Hilligoss, Miller, Moscow and Rushville Gravel Road Co.

SAME.—*Nul Tiel Corporation.*—*Continuance of Corporation.*—*Presumption.*— Where an answer of *nul tiel corporation* admits the previous existence of a corporation, and alleges no facts sufficient to show that it has ceased to exist, it will be presumed that it is still a corporation and in the possession of its corporate rights, property and franchises.

SAME.—*Additional Paragraph.*—*Discretion of Court.*—*Prejudice or Injury.*— *Supreme Court.*—It is within the discretion of the trial court to allow the plaintiff, after the cause was at issue and set for trial, to file an additional paragraph of complaint; and where the record fails to show that the defendant was prejudiced or injured by such action of the court, the Supreme Court can not say that it was injurious or erroneous.

From the Rush Circuit Court.

*J. Helm, Jr.,* for appellant.

*W. A. Cullen* and *B. L. Smith,* for appellee.

HOWK, J.—This was a suit by the appellee against the appellant to recover a balance claimed to be due on his subscription to the capital stock of the appellee. The cause was put at issue and tried by the court, and a finding was made for appellee in the sum of $133.20, and over appellant's motion for a new trial and his exception saved, the court rendered judgment against him on its finding.

The first error of which appellant complains in this court is the overruling of his demurrer to appellee's complaint. The only objections to the complaint, pointed out in argument by appellant's counsel, are these: 1. It was not alleged in the complaint that appellee had built its line of gravel road from the starting point to the terminal point of such line, as described in its articles of association; and, 2. Nor was it alleged in such complaint, that, at any time before the commencement of this suit, the appellee had constructed, or would construct, a gravel road upon the line or route described in its articles of association. It was not necessary, we think, to the sufficiency of the complaint, that it should have contained either of these allegations. The suit was upon the appellant's subscription to the appellee's articles of association, whereby he agreed to take a certain number of shares of appellee's capital stock and to pay therefor a certain price per share "in

manner and form and at such times and manner as required by the directors" of the appellee. It was shown in the complaint that appellee's directors had required the payment of all unpaid stock subscriptions at a specified time; that proper notice of such requirement was given, and that a certain balance of appellant's subscription, remained unpaid. The complaint was sufficient, and the appellant's demurrer thereto was correctly overruled.

Appellant's counsel next complains of the alleged error of the court in sustaining the appellee's demurrer to the second, third, fourth, fifth, sixth and seventh paragraphs of his answer. Counsel has not discussed this supposed error in his brief of this cause, further than to say that each of the paragraphs, he thinks, constituted a good and sufficient answer to the complaint, and to ask an examination of the averments thereof. We have carefully examined each of these paragraphs of answer, and have reached the conclusion, that, in sustaining the demurrer thereto, the court committed no error available for the reversal of the judgment. The paragraphs objected to might, perhaps, be regarded as argumentative denials of the complaint or some part thereof; but the first paragraph of answer was a general denial, under which the material facts in the other paragraphs might have been given in evidence, and therefore the error, if any, in sustaining the demurrer to such other paragraphs, would be at most a harmless error.

The next error complained of in argument by appellant's counsel is the sustaining of a demurrer to what is called, in the record, his plea of *nul tiel corporation*. In this plea or answer, appellant admitted that he signed appellee's articles of association, as averred in the second paragraph of complaint; and he alleged that the line of gravel road described in appellee's cause of complaint, was to be four miles and fifty rods in length; that the construction of the road was commenced on the —— day of ——, 1873, and was constructed on the line or route described in the complaint, from the start-

ing point to a distance of three and two-third miles, from which point appellee ceased to construct its road and abandoned its charter to the residue of its line of road, and surrendered the same to Road district No. —, in Rush county; that more than four years had elapsed since the commencement of the road, and more than six months had elapsed since the completion of the three and two-thirds miles of the road, and that appellee's directors had failed and refused to report the fact of the completion of the three and two-thirds miles of its road, and the costs of construction, to the Secretary of State; wherefore appellant said that the appellee had ceased to be a corporation, and he prayed judgment for costs, etc.

We are of opinion that the court committed no error in sustaining appellee's demurrer to this plea or answer. None of the facts alleged are sufficient to show, we think, that the appellee had ceased to be a corporation; and the fact that it had been a corporation is not controverted, but is rather admitted, in the plea or answer. In the absence of some showing to the contrary, it must be presumed, as it seems to us, that appellee has continued to be and still is a corporation, and, as such, was and still is in the possession of its corporate rights, property and franchises.

It is next insisted by the appellant's counsel that the court erred in permitting the appellee, over his objections, to file a second paragraph of complaint founded on a written agreement, not mentioned in the original complaint, after the cause had been put at issue and set for trial. It was within the discretion of the trial court, we think, to allow the appellee to file such second paragraph of complaint; and the record fails to show that the appellant was, in any manner, prejudiced or injured by such action of the court. In the absence of such a showing, we can not say that the action of the court was injurious or erroneous. *Durham* v. *Fechheimer*, 67 Ind. 35; *Child* v. *Swain*, 69 Ind. 230; *Town of Martinsville* v. *Shirley*, 84 Ind. 546.

Finally, the appellant claims that the court erred in over-ruling his motion for a new trial. The only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law. The evidence is not in the record, and, therefore, this alleged error presents no question for our decision.

We have found no error in the record which would authorize us to reverse the judgment.

The judgment is affirmed, with costs.