Judd v. Small.

Filed Sept. 17, 1886.

---

No. 12,588.

## JUDD v. SMALL.

PLEADING.—*Amendment After Finding.*—*When not Available for Reversal.*—
    Where it does not appear that the defendant was prejudiced by the amendment of the complaint after the finding was announced, the judgment will not be reversed.
PROMISSORY. NOTE.—*Contribution.*—Where one of two joint makers pays a

note, he may maintain an action against his co-obligor for the amount which the latter ought to have paid.

EVIDENCE.—*Admission of Incompetent Parol Evidence Without Objection.*— Where parol evidence is admitted without objection, it will sustain a finding, although it would have been held incompetent, as not the best available evidence, if objection had been made.

From the Madison Circuit Court.

W. R. Pierse, C. B. Gerard, R. Lake and W. A. Kittinger, for appellant.

C. L. Henry, H. C. Ryan and A. A. Small, for appellee.

ELLIOTT, J.—After the case had been closed and the trial court had partially announced its finding, the plaintiff asked leave to amend one of the items in the second paragraph of his complaint, and, as the bill of exceptions recites, leave was granted to amend his pleading so as to make it " correspond with the proof." The defendant made no offer to show that he was misled or prejudiced by the amendment, but did nothing more than except to the ruling of the court. Our decisions establish the rule that where it does not appear that the defendant was prejudiced by the amendment, the judgment will not be reversed, although the amendment was not made until after the court had announced its finding. *Hay* v. *State, ex rel.*, 58 Ind. 337; *Durham* v. *Fechheimer*, 67 Ind. 35; *Leib* v. *Butterick*, 68 Ind. 199; *Child* v. *Swain*, 69 Ind. 230; *Town of Martinsville* v. *Shirley*, 84 Ind. 546.

The appellee testified that he paid a note on which he and the appellant were jointly liable, and this was sufficient to entitle him to a recovery of the amount for which the appellant was liable. It is a well established rule that where one of two joint makers pays a note, he may have his action for the amount which his co-obligor ought in law and equity to have paid.

It is true that the note which the appellee paid constituted the best evidence, but where parol evidence is admitted without objection, it will sustain a finding or verdict, although it would have been held incompetent if a reasonable objection

had been made. *Riehl* v. *Evansville, etc., Ass'n*, 104 Ind. 70; *Stockwell* v. *State, ex rel.*, 101 Ind. 1.

There is evidence supporting the finding of the court on all material points, and a well known rule prohibits us from disturbing it.

Judgment affirmed.

