Levy *et al. v.* Chittenden *et al.*

No. 13,202.

## LEVY ET AL. *v.* CHITTENDEN ET AL.

PLEADING.—*Amendment.*—*Chattel Mortgage.*—*Creditor's Bill.*—Where a complaint seeks to set aside chattel mortgages and subject the mortgaged property to sale to pay judgments held by the plaintiff against the mortgagor, an amendment to the effect that the mortgagor had been permitted to retain possession of the property and dispose of a part of the same, does not change the cause of action, and it is not error to allow such amendment to be made after the evidence is heard, in order to conform the complaint thereto.

CHATTEL MORTGAGE.—*Fraud.*—*Satisfaction.*—*Theory of Action.*—*Judgment.*—Where the gravamen of an action by creditors is fraud in the execution of chattel mortgages by the debtor, a judgment for the plaintiffs ordering the mortgaged property to be sold in satisfaction of their claims, solely on the theory that the mortgages have been satisfied by the payment of the indebtedness which they were given to secure, is not authorized.

SAME.—*Sale.*—*Appraisement.*—In such case, fraud not being found, it is error to order the mortgaged property to be sold without relief from valuation and appraisement laws.

FINDING.—*Power of Court to Change after Entering of Record.*—After a finding has been announced and entered of record the power of the court over it is at an end, except that it may at any time before the close of the term at which judgment is rendered grant a new trial.

SAME.—*Character of.*—*Harmless Modification.*—All findings, which are not technically special findings, are regarded as general findings; and where facts are stated, an erroneous modification thereof on the motion of a party is harmless.

From the Elkhart Circuit Court.

*J. H. Baker, J. H. Defrees, Jr.,* and *F. E. Baker,* for appellants.

*J. M. Vanfleet,* for appellees.

BERKSHIRE, J.—This was an action brought by the appellees, who were creditors of the appellant Fanny Levy, to subject to sale certain personal property in payment and satisfaction of certain judgments which they held against the

said appellant. Judgment was rendered in the court below for the appellees, and the appellants appeal and assign error. In the complaint, as originally filed, it was alleged that the said appellant executed a mortgage upon said property to her co-appellant, Joseph Shackman, on the 16th day of September, 1884, to secure a pretended indebtedness, in the sum of $1,850; and to her co-appellant, Jacob Goldberg, on the same day, a mortgage on said property to secure a pretended indebtedness, in the sum of $750; and that on the 16th day of March, 1885, without foreclosure, the said personal property was sold to the appellant, Morris Herman, for the sum of $1,200, who was a purchaser with notice, and that the money paid was furnished by the appellant Fanny, and was received and appropriated by the said appellant Shackman. The complaint contained other necessary and usual allegations found in a creditor's bill.

The appellants filed but one paragraph of answer, which was a general denial.

At the May term of the court the case was tried by the court, and continued under advisement.

On the 31st day of the October term, of the same year, the appellees moved the court for leave to file an amendment to their complaint in the words following : " That said mortgagor was left in possession of said goods, with the right to dispose of the same, and that she did sell and dispose of four thousand dollars worth of said goods, and did receive more than enough money to have paid and satisfied said mortgages before said mortgagees took possession of or sold said goods." The application for leave to make the amendment was supported by the following affidavit, omitting the formal parts :

" Come now the plaintiffs and move the court for permission to make the following amendment"—[here the proposed amendment is copied, which is the same as set out above.] " They ask to be allowed to make the amendment in order to make the pleadings conform to the proof already heard; they

show that they are all non-residents, and were compelled to rely, and did rely, wholly on their attorney, J. M. Vanfleet, to look up the facts as well as the law in these matters, and that neither they nor he knew or had any means of discovering that enough goods had been sold by said mortgagor to pay said mortgages until the same was developed on the trial by the evidence ; and they now aver that in their opinion the evidence already heard shows the truth of the allegations set forth in said proposed amendment, and that the same is necessary in order to allow justice to be done in this action."

The affidavit is verified by the attorney for the appellees, the appellants not being present in court. The appellants made no counter showing.

The court sustained the application, and allowed the amendment to be made, and the complaint as amended was then filed.

The appellants did not ask for a continuance, or for time to plead further because of the amendment, but reserved an exception, which is properly in the record.

After the amendment was made, the case was continued by the court on its own motion, and held under advisement until the fifth day of the March term, 1886, on which day a general finding was announced for the appellees, a personal judgment rendered against the appellants Shackman and Fanny Levy, without relief from valuation and appraisement laws, and a decree for the sale of the mortgaged property.

On the said fifth day of the March term, and after said judgment and decree was rendered, the appellants moved the court to modify the same, which motion was, on the forty-third day of said term of said court, overruled, and they reserved an exception, which appears properly in the record. On the fortieth day of said term of said court the appellees moved the court to modify its finding, and on the forty-third day of said term the court sustained said motion, and made the following record entry in reference thereto : "And the court now finds that all the material allegations of the

amended complaint filed on the thirty-second judicial day of
the October term, 1885, of said court, are true and proven;
that the mortgages mentioned in the amended complaint had
been paid and satisfied before the sale of goods thereon.    It
is therefore ordered and adjudged by the court now here that
the finding and judgment of the court heretofore mentioned
herein be and the same now is modified and changed, so as
to read that the court finds for the plaintiffs solely on the al-
legations that the mortgages mentioned in the complaint had
been paid and satisfied before sale of goods thereon."

To the modification of the finding as ordered by the court
the appellants properly reserved an exception.

That justice may be done between the parties, our code is
very liberal in its provisions with reference to amendments,
and the *nisi prius* courts are given a wide discretion in this
regard.

Before entering upon the trial of a cause the trial court
may grant permission to the parties to amend their pleadings
to almost any extent.    After the trial is entered upon, and
even after the cause has been finally submitted to the court
or jury trying the cause, it is not error to allow amendments
to conform the pleadings to the evidence, where there is no
change made in the nature of the cause of action or defence.
*Durham* v. *Fechheimer*, 67 Ind. 35 ;   *Child* v. *Swain*, 69 Ind.
230 ; *Town of Martinsville* v. *Shirley*, 84 Ind. 546 ; *Darrell*
v. *Hilligoss, etc., G. R. Co.*, 90 Ind. 264 ; *Burns* v. *Fox*, 113
Ind. 205.

Unless it appears affirmatively that the opposite party is
prejudiced by the amendment, the judgment will not be re-
versed because thereof, although the court may have erred
in allowing the amendment to be made.    *Hay* v. *State, ex
rel.*, 58 Ind. 337 ;   *Leib* v. *Butterick*, 68 Ind. 199 ;   *Judd* v.
*Small*, 107 Ind. 398 ; *Durham* v. *Fechheimer, supra; Child*
v. *Swain, supra; Town of Martinsville* v. *Shirley, supra.*

But this court has always held that it is error to allow an
amendment to the pleadings, which changes the nature of the

cause of action or defence, after the trial has been concluded before the court or jury trying the same. *Miles* v. *Vanhorn*, 17 Ind. 245 ; *Proctor* v. *Owens*, 18 Ind. 21 ; *Hoot* v. *Spade*, 20 Ind. 326 ; *Shropshire* v. *Kennedy*, 84 Ind. 111 ; Buskirk Practice, 86.

It is not our opinion that the amendment which was made to the complaint changed the nature of the cause of action, or authorized any different evidence than might have been introduced under the original complaint.

The original complaint was in the nature of a creditors' bill, whereby the appellees sought to set aside certain mortgages and subject the mortgaged property to sale to pay certain judgments which they held against the mortgagor.

The amendment made only added to the complaint the averments that the mortgagor had been permitted to retain the possession of the property and allowed to dispose of a great part of it.

These were mere badges of fraud, and, as we think, were provable under the original complaint; but if we are wrong as to this last proposition, the amendment we think was one within the sound discretion of the court.

The court erred in the modification of its finding.

After the finding was announced and entered of record the power of the court over it is at an end, except that it may at any time before the close of the term at which judgment is rendered grant a new trial. See R. S. 1881, sections 550, 551 and 552; *Wray* v. *Hill*, 85 Ind. 546.

But the appellants were not injured, as will appear further on in this opinion, because of the error committed, and, therefore, the error will not work a reversal of the judgment. The appellees having been instrumental in bringing about the erroneous ruling of the court, they can in no way take advantage of it, nor can they ask the court to ignore the erroneous proceedings, but they are bound by the record as made.

The finding of the court is not within the cause of action

stated in the complaint. The gravamen of the action is fraud, but this question is ignored by the court, and it is found that the indebtedness the mortgages were executed to secure has been paid. Where the facts found fail to show a cause of action such as is stated in the complaint, the plaintiff can not recover. *Brown* v. *Will,* 103 Ind. 71; *Thomas* v. *Dale,* 86 Ind. 435.

A finding which is not, in the technical sense of the code, a special finding, will not be disregarded because it specifically states the facts found, and is not in general terms a finding for the plaintiff or defendant. All findings which are not technically special findings are regarded and treated as general findings. *Conner* v. *Town of Marion,* 112 Ind. 517; *Lawson* v. *Hilgenberg,* 77 Ind. 221; *Powers* v. *Fletcher,* 84 Ind. 154; *Steel* v. *Grigsby,* 79 Ind. 184; *Bake* v. *Smiley,* 84 Ind. 212; *Downey* v. *State, ex rel.,* 77 Ind. 87; *Wallace* v. *Kirtley,* 98 Ind. 485.

To prevent injustice being done, it sometimes happens that the court is compelled to state the facts in its general finding. Suppose a meritorious cause of action fails for the reason that a tender or demand was not made before the bringing of the action, a finding generally for the defendant, as against the estoppel created by the record would at least give the defendant the advantage of the presumption, in a future action, that the questions involved had been once adjudicated. See *Evans* v. *Schafer,* 86 Ind. 135.

The court erred in rendering judgment upon the finding, as modified, for the appellees. The motion to modify the judgment should have been sustained.

Even if the appellees had been entitled to a judgment for the sale of the mortgaged chattels after the payment of the indebtedness secured by the mortgages, we can not imagine upon what principle a personal judgment could be rendered against the appellant Shackman, nor have we discovered any authority for the rendition of a judgment collectible without relief from valuation or appraisement laws.

The statute (section 743, R. S. 1881) only provides for the sale of property fraudulently conveyed without relief from valuation or appraisement laws.

The judgment is reversed, with costs.

Filed Sept. 18, 1889.