SMITH & STOUGHTON CORPORATION v. BYERS,
TRUSTEE, ET AL.

[No. 2,468. Filed Jan. 27, 1898. Rehearing denied April 22, 1898.]

PRACTICE.—*Amendment of Pleading During Trial.*—An amendment of the pleadings during the trial necessitates a reswearing of the jury only where the issues are changed by the amendment. *p. 53.*

SAME—*Amendment of Pleading During Trial.—Discretion of Court.* —It is within the discretion of the trial court to permit, upon the trial, the amendment of an answer, and a judgment will not be reversed for such cause in the absence of a showing that the complaining party was misled or prejudiced thereby, and in what respect. *pp. 53, 54.*

From the Decatur Circuit Court. *Affirmed.*

*J. K. Ewing, D. H. Wallingford* and *C. H. Ewing,* for appellant.

*E. E. Roland, B. F. Bennett* and *T. E. Davidson,* for appellee.

BLACK, J.—The appellant brought its action

against the appellees for the recovery of the possession of certain personal property, filing a complaint and an affidavit in the forms usual in actions of replevin. The appellees filed an answer in which they alleged "that they, the defendants, do not detain the plaintiff's goods." Among the indorsements on this pleading was the following: "General denial filed." This being the only answer on file, the cause went to trial before a jury. After the opening statement had been made to the jury, and the evidence had been heard, the appellant requested the court in writing to instruct the jury as follows: "Under the issues in this case it is admitted that the property in dispute is the property of the plaintiff, but the defendants deny that they unlawfully detain the same. Therefore, if you believe from the evidence that the plaintiff, before the bringing of this suit, demanded this property of the defendants, and the defendants refused to surrender the same, you should find for the plaintiff."

Thereupon the appellees asked leave of the court to file an amended answer of general denial to the complaint, which leave was granted by the court; to which the appellant objected and excepted. The appellees then filed an amended paragraph of answer to the complaint, being an answer of general denial in the usual form, to which the appellant objected and excepted. The court thereupon refused to give the instruction above set out, to which action of the court the appellant excepted. The court then, upon its own motion, caused the jury to be resworn to try the issues joined in the pleadings, to which the appellant excepted; and the appellant moved for judgment on the issues joined upon which all the evidence in the cause was heard. This motion was overruled, and the appellant excepted.

It is shown by the bill of exceptions that at the making of the opening statement, the answer was spoken of as a general denial, and "that the court understood that the answer was a general denial, and the instructions, except to a few near the close, were written, describing the answer as a general denial; that earlier in the case, the plaintiff asked in writing several instructions in which the court was asked to charge, in several of the charges, matters that were not necessary unless the answer was a general denial."

We are unable to see in all this any error for which the judgment should be reversed. It appears that the trial had proceeded upon the assumption of counsel that the answer was one of general denial, and, so far at least as the court and jury were concerned, upon the understanding that it was such an answer. In rendering the verdict, the jury, resworn, applied the evidence which they had heard to the issues formed by the pleadings as amended.

An amendment of the pleadings upon the trial necessitates a reswearing of the jury only where the issues are changed by the amendment. *Rogers* v. *State, ex rel.*, 99 Ind. 218; *Knowles* v. *Rexroth*, 67 Ind. 59.

The court, considering that by the filing of the amended answer the issues on trial were changed, caused the jury to be resworn.

There does not appear to have been any application for a continuance, nor was there any showing that the appellant was misled or prejudiced, but the indications are strongly to the contrary. There was no refusal to permit the introduction of additional evidence, and none was offered.

It must be held that it was within the discretion of the court to permit, upon the trial, the amendment of

the answer, in the absence of a showing that the plaintiff was misled or prejudiced, and in what respect. See sections 394-399, Burns' R. S. 1894 (391-396, Horner's R. S. 1897); *Taylor* v. *Dodd*, 5 Ind. 246; *Koons* v. *Price*, 40 Ind. 164; *Burr* v. *Mendenhall*, 49 Ind. 496; *Hay* v. *State, ex rel.*, 58 Ind. 337; *Durham* v. *Fechheimer*, 67 Ind. 35; *Leib* v. *Butterick*, 68 Ind. 199; *Child* v. *Swain*, 69 Ind. 230; *Town of Martinsville* v. *Shirley*, 84 Ind. 546; *McMillan* v. *Bond*, 92 Ind. 424; *Smith* v. *Flack*, 95 Ind. 116; *Chicago, etc., R. W. Co.* v. *Jones*, 103 Ind. 386; *Judd* v. *Small*, 107 Ind. 398; *Burns* v. *Fox*, 113 Ind. 205; *Stanton* v. *Kendrick*, 135 Ind. 382; *Fargo & Co.* v. *Cutshaw*, 12 Ind. App. 392.

All other questions argued are dependent upon a bill of exceptions, which does not properly appear to have been filed, and which therefore cannot be regarded as constituting a part of the record. *Miller, Admx.*, v. *Evansville, etc., R. R. Co.*, 143 Ind. 570; *Beatty* v. *Miller*, 146 Ind. 231; *DeHart* v. *Board, etc.*, 143 Ind. 363; *Board, etc.*, v. *Huffman, Admr.*, 134 Ind. 1; *Gish* v. *Gish*, 7 Ind. App. 104. · The judgment is affirmed.