# Jeffries *v.* Castleman.

*Action by Married Woman for Money had and received, belonging to her Statutory Separate Estate.*

1. *Decisions reaffirmed.*—The principles declared in *Castleman v. Jeffries*, 60 Ala. 380, and in *Jeffries v. Castleman*, 68 Ala. 432, adhered to and reaffirmed.

2. *Replication of statute of limitations to plea of set-off; when demurrable.*—The statute of limitations can not defeat a plea of set-off, unless the bar was complete when the plaintiff's cause of action accrued (Code, 1876, § 2996); and a replication setting up the statute is bad on demurrer, when it appears from the complaint and plea, that the bar was not complete when the plaintiff's cause of action accrued.

3. *Admissions of one partner after dissolution against the other; when incompetent.*—The admissions of one partner, made after a dissolution of the partnership, and after he had transferred his interest to his copartner, are not admissible in evidence against the latter, in a suit between him and a debtor of the partnership.

4. *Testimony of a deceased witness on former trial; when may be proved.* The testimony of a deceased witness on a former trial, when he was subjected to cross-examination, is admissible on a subsequent trial, and may be proved by any competent witness.

[Jeffries v. Castleman.]

APPEAL from Hale Circuit Court.

Tried before Hon. JOHN MOORE.

This was an action brought by Mrs. Ann M. Jeffries, wife of Walter B. Jeffries, against D. J. Castleman, to recover a stated amount alleged to have been due by account for money had and received, on 18th November, 1872, by Jeffries & Castleman, a partnership composed of A. S. Jeffries and the defendant, which belonged to the *corpus* of the plaintiff's statutory separate estate; and was commenced on 8th February, 1875. The defendant pleaded the general issue, payment, and set-off, the set-off consisting of an account contracted by the plaintiff's husband with the said firm of Jeffries & Castleman, "during the years 1870-1-2-3, and due and payable on, to-wit, the 1st day of January next," for goods, wares and merchandise alleged to have been "articles of comfort and support of the household, suitable to the degree and condition in life of the family of the said Walter B. Jeffries and Ann M. Jeffries, and for which the said Walter B. Jeffries would be liable *in invitum* at common law," and for which the plaintiff's statutory separate estate was liable under the statute. A demurrer interposed by the plaintiff to the plea of set-off having been overruled, the plaintiff replied, (1) that the account sought to be set off against the plaintiff's demand was an open account, and was barred by the statute of limitations of three years; and (2) that said account had been fully paid before the commencement of the suit. To the replication setting up the statute of limitations the defendant demurred, and his demurrer was sustained. The trial resulted in a verdict and judgment for the defendant. The reports of this cause on former appeals contain a full statement of the case made by the record touching the questions then decided. See *Castleman v. Jeffries*, 60 Ala. 380, and *Jeffries v. Castleman*, 68 Ala. 432. The other facts necessary to an understanding of the points decided are sufficiently stated in the opinion.

THOS. R. ROULHAC, for appellant.

WEBB & TUTWILER, *contra*.

SOMERVILLE, J.—The general charge of the court is in full accord with the principles heretofore settled in this case, when formerly before us on appeal. We are not willing to depart from the doctrines declared in *Castleman v. Jeffries*, 60 Ala. 380, and *Jeffries v. Castleman*, 68 Ala. 432. The rulings in these cases are based upon the solid ground, that the present code of statutes, known as "married women's laws," must be construed, as far as practicable, to be a *shield* for the protec-

tion of *femmes covert*, and not a *sword* with which to arm them for the injury of others.

There was no error in the ruling of the court, sustaining the *demurrer* interposed by the defendant to the plaintiff's replication of the statute of limitations. The present Code expressly provides that "when a defendant pleads a *set-off* to the plaintiff's demand, to which the plaintiff replies the statute of limitations, the defendant, notwithstanding such replication, is entitled to have the benefit of his debt, as a set-off, where such set-off was a legal subsisting claim *at the time the right of action accrued to the plaintiff on the claim in suit.*"—Code, 1876, § 2996. It appears from the complaint in the cause, that the plaintiff's right of action accrued, if at all, on the 18th day of November, 1872, and the facts averred in the plea of set-off show that the accounts claimed by defendant were not then barred by the statute of limitations, and were therefore legal and subsisting claims, within the meaning of the above section of the Code, at the time plaintiff's right of action accrued. These facts being apparent on the face of the pleadings, the point was properly presented by demurrer. The effect of the statute, in this particular class of cases, is to render the statute of limitations entirely unavailing as a defense to the set-off. *Washington v. Timberlake*, 74 Ala. 259 ; *Riley v. Stallworth*, 56 Ala. 486.

If it be conceded that the *admissions*, sought to be proved as having been made by A. S. Jeffries, were competent to prove payment of the set-off, it does not appear that they were made prior to the dissolution of the partnership of Jeffries & Castleman, which is shown to have taken place in May, 1873, when the accounts in question were transferred by Jeffries to Castleman. If made after such dissolution, and *after the transfer of Jeffries' interest* in the subject of the set-off, the latter's admissions as to the fact of payment would very clearly be inadmissible against the other partner, Castleman. To be receivable in evidence, such admissions must be shown affirmatively to have emanated from a person having at the time some interest in the subject-matter to which they have reference.—1 Greenl. Ev. §§ 179–180.

The witness Melton, having testified under oath on a former trial, when he was subject to cross-examination, and having since that time *deceased*, it was permissible to prove by any competent witness the testimony then given, and it becomes admissible evidence upon the second trial.—1 Greenl. Ev. § 163; 2 Best Ev. § 496 ; Whart. Ev. § 177; *Marler v. State*, 67 Ala. 55.

We discover no error in the rulings of the circuit court, and the judgment must be accordingly affirmed.