## FREDERICKS v. JUDAH.*

### No. 9100; May 18, 1886.

#### 11 Pac. 133.

**Deceased Witness—Admissibility of Testimony in Another Action.**—In an action to quiet title, the testimony of a witness, taken in a former action between the same parties, and concerning the title to the same land, is admissible, if such witness has since died.[1]

---

*For subsequent opinion in bank, see 73 Cal. 604, 15 Pac. 305.

[1] Cited and followed in Persons v. Smith, 12 N. D. 417 (Persons v. Persons, 97 N. W. 556), where the testimony of the deceased had been taken in a case, between the same parties and involving the same issues, in a United States court in a neighboring state.

APPEAL from Superior Court, City and County of San Francisco.

P. B. Ladd and Wilson & Otis for appellant; William H. Sharp for respondent.

ROSS, J.—Several of the questions argued by counsel cannot be considered because of the state of the record. The affidavits printed in it are in no manner identified as having been used on the hearing of the motion from the refusal of which the appeal is alone taken. There is no appeal from the judgment. Order 733, referred to in the statement, and therein stated to be made a part of it, is not to be found at all.

The action was brought to quiet the plaintiff's alleged title to a certain lot of land in the city and county of San Francisco, the complaint being in the usual form of such actions. The answer of the defendants, who are the heirs at law of one Ferguson, deceased, denied any title on the part of plaintiff, pleaded title in themselves derived through Ferguson; and, among other things, set up that plaintiff went into possession of the lot as the tenant of Ferguson, and has ever since continued to hold as such, although the term of the lease has long expired. The answer further pleaded in bar a judgment of the county court of the city and county of San Francisco, rendered in an action of unlawful detainer brought by the defendant Maria B. Judah, as executrix of the estate of Ferguson, against the present plaintiff, for the restitution of the possession of the lot, etc. On the trial of that action one Dean was examined as a witness on behalf of the plaintiff therein, and cross-examined by the defendant therein (plaintiff here), who gave material testimony bearing upon the question as to whether the entry upon the holding of the lot in controversy by Fredericks was as the tenant of Ferguson or not. Dean was dead at the time of the trial of the present action, and the defendants herein, against the objection and exception of the plaintiff, were permitted to give in evidence the reporter's notes of Dean's testimony. This action on the part of the court, it is contended by plaintiff, was error, entitling him to a new trial. But the case shows that the claim of the plaintiff to the lot in question was based solely upon the character of his possession of it. Admittedly

he had no paper title. The real dispute between the parties to both actions was whether Fredericks' possession was that of a tenant or an adverse possession under claim of ownership. That being so, the testimony of the deceased witness was properly admitted: 1 Greenleaf on Evidence, sec. 164; Orr v. Hadley, 36 N. H. 579; Code Civ. Proc., sec. 1870, subd. 8.

The evidence was sufficient to sustain the verdict. Order affirmed.

We concur: Myrick, J.; McKinstry, J.