[Connor v. Armstrong.]

# Connor *v.* Armstrong.

*Bill in Equity for Reformation of Conveyance, and Injunction of Action at Law.*

1. *Costs in equity; when divided.*—The imposition of costs rests very largely in the just discretion of the chancellor; and where, as in this case, he decrees the reformation of a conveyance as prayed in the bill, but requires the complainant, as a condition precedent, to pay the defendant a sum of money improperly included in the consideration, and divides the costs equally between them, that discretion is properly exercised.

2. *Application of payments, on account against husband and wife.* A partial payment on an account, no particular application being directed or made at the time, is applied by law to the oldest items of the account; and this principle applies to a payment made by the husband, with money belonging to the *corpus* of his wife's statutory estate, although some items of the account are a proper charge against her estate.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 29th April, 1887, by Martin Connor, against Charles Armstrong, as the executor of the last will and testament of his deceased wife, Mrs. Clemmie Armstrong, and their children as devisees under her will. The bill sought to enjoin an action of ejectment, or statutory action in the nature thereof, which Mrs. Armstrong had instituted on the 9th July, 1886, to recover a tract of land, of which the complainant was in possession, and which he claimed under a deed executed to him by Mrs. Armstrong and her husband; and also to reform said deed, on the ground of a mistake in the description of the land intended to be conveyed, which rendered the deed unavailing as a defense to the action at law. Mrs. Armstrong died before the bill in this case was filed; and therefore her husband, as executor, and her children as devisees under her will, were made defendants to the bill. The deed was dated February 6th, 1877, and recited a consideration of $500 in hand paid; and it was signed and acknowledged by said Armstrong and his wife, Mrs. Armstrong's acknowledgment, as certified, being made on examination separate and apart from her husband. An answer to the bill was filed by Armstrong, in which he denied the validity of the deed, and also denied that there was any mistake in the description of the land intended to be conveyed, alleging that

his wife did not know what land the deed was intended to convey. An answer was also filed by the guardian *ad litem* of the infant defendants, alleging that the land belonged to the statutory estate of Mrs. Armstrong, and that the consideration of the deed was a debt of her husband.

On the first hearing, on pleadings and proof, the chancellor dismissed the bill, holding that the deed was void ; but his decree was reversed by this court, and the cause remanded. 86 Ala. 262–6. In the opinion delivered on that appeal it was said : "The powers of the court are ample to require complainant to do equity as a condition of reformation. Equity requires that he shall pay defendants, if he retains the land, so much of the purchase-money as was paid in the debt of the husband, for which the separate estate of Mrs. Armstrong was not liable under the statute, with interest thereon. The defendants not having asserted by cross-bill any other claim or equity, and the deed not being void, the Chancery Court, on the pleadings and proof, should have reformed it, and referred it to the register to ascertain what amount of the consideration price of the land consisted in the debt of the husband, and prescribed payment of the same as the condition of relief."

After the reversal and remandment, a reference to the register having been ordered, he reported that the complainant's debt against "the Armstrongs," on the 6th February, 1877, the date of the deed, amounted to $797.79, subject to credits aggregating $289, leaving a balance due of $508.79 ; that of the whole account ($797.79) the sum of $361.81 was a proper charge against Mrs. Armstrong's separate statutory estate, being for necessary family supplies; and that of the aggregate credits, one item of $175, paid March 6th, 1876, was paid with moneys belonging to the *corpus* of her said estate. On the coming in of the report, exceptions to it being filed, the chancellor held that this item of $175 should be credited, not on the account generally, but on that part for which Mrs. Armstrong's estate was liable ; and making some other changes in the account as stated, he ascertained and decreed that $372. 45, with interest from the death of Mrs. Armstrong, was the amount which the complainant must pay as a condition to the relief prayed in his bill. The decree granted a reformation of the deed, on the payment of this sum within thirty days, and divided the costs equally between the parties.

The complainant appeals, and assigns as error (1) the order as to the appropriation of the $175, and (2) the ruling as to the costs. The defendants make a cross-assignment of errors, founded on the decree generally, but not specifying any particular error.

[Connor v. Armstrong.]

P. O. HARPER, W. L. PARKS, and JOHN GAMBLE, for appellants, cited *Castleman v. Jeffries*, 68 Ala. 432; *Lee v. Tanenbaum*, 62 Ala. 501; *Harrison v. Johnson*, 27 Ala. 445; Code, § 2837.

GARDNER & WILEY, *contra*.

McCLELLAN, J.—Two objections are here urged on the part of Connor to the decree in this cause. *First*, that it was error to tax him with one half the costs; and, *second*, that the sum of one hundred and seventy-five dollars belonging to the *corpus* of Mrs. Armstrong's separate estate, and paid by her husband to Connor before the sale of the land, should have been applied to the first items of the latter's account, and was in fact so applied at the time of the payment, and should not have been applied, as was done by the decree, to those items only for which Mrs. Armstrong's separate estate was liable as for articles of comfort and support of the family, &c.

1. There is no merit in the first assignment of error. The imposition of costs rests very largely in the just discretion of the chancellor, and we are satisfied the discretion was properly exercised in this case.—*Kitchell v. Jackson*, 71 Ala. 556; *Ex parte Robinson*, 72 Ala. 389; *Allen v. Lewis*, 74 Ala. 379.

2. As to the application of the payment of the one hundred and seventy-five dollars referred to above, we think the chancellor fell into error. Armstrong owed Connor an account of seven or eight hundred dollars. For a part of it, the separate estate of Mrs. Armstrong was liable, and for the remainder only Armstrong was liable. The payment in question, though made by Armstrong out of funds which constituted a part of the *corpus* of the wife's estate, was applicable, and, in the absence of any showing to the contrary, must be held to have been applied, to the oldest items on the account, without regard to whether they were chargeable upon the wife's separate property or not. This is the doctrine clearly settled by this court in the cases of *Castleman v. Jeffries*, 60 Ala. 380, and *Jeffries v. Castleman*, 68 Ala. 432. Applying this and other payments theretofore made generally to the first items in date of existence of the account, the consideration for the deed from Armstrong and wife to Connor was made up of the later and remaining items representing the balance of about $508. Of these, such as were for articles of comfort and support of the household, chargeable against the wife's separate estate, constitute, in their satisfaction, payment *pro tanto* of the purchase-money of the land. All other items going to make up the balance of $508 unpaid at the time of the land transaction,

[Howard v. East Tenn., Va. & Ga. Railroad Co.]

represent in the aggregate the sum which, with interest from the date of the conveyance, Connor must pay to the estate of Mrs. Armstrong, as the condition upon which the relief sought by the bill will be granted. See *Connor v. Armstrong*, 86 Ala. 262.

On the appeal of Connor, the decree of the Chancery Court is reversed, and the cause remanded.

We find no error in the record of which the cross-appellants can complain, and they will take nothing by their appeal.