## DRISKILL et al. v. REBBE et al.

The only limitation on the power of the court to permit amendments to pleadings is that an amendment made at, or after, the trial so as to conform to facts proven, or facts in support of which proof is offered, must not change the cause of action or defense, but within reasonable limits any amendment may be permitted before trial. though it changes the cause of action or defense.

Where plaintiffs in their original complaint claimed that defendants were only entitled to sufficient water to irrigate 15 acres under a contract pleaded, it was not an improper exercise of discretion for the court before trial to permit plaintiffs to amend the complaint so as to allege that they were the owners of a certain water right and were entitled to the amount of water designated in the notices of location therein.

Defendants, by answering an amended complaint without objection, waived their objection to the amendment.

Findings of fact by the trial court on conflicting evidence will not be set aside on appeal, where the Supreme Court is unable to say that the preponderance of the evidence is against them.

Where the water rights under which plaintiffs claimed title were located prior to any settlement on the lands by defendant's grantors, plaintiffs were entitled to priority, both under Rev. St. §§ 2339, 2340 (U. S. Comp. St. 1901, p. 1437), securing and preserving such priority of location, and under the custom in force in the territory.

Where a deed of trust vested in the trustee no power of sale in case of default, but the beneficiaries were required through the trustee to apply to the court by a bill in equity for a foreclosure decree, the deed was in fact a mortgage constituting only a lien on the property, leaving the title in the grantors.

Plaintiffs were not deprived of the right to sue to protect their alleged water rights appurtenant to certain land by having given a deed of trust thereon, which was in fact a mortgage.

In a suit to establish water rights, the record of the evidence introduced in the United States Land Office, in proof of the entries on the land, was mere evidence in an ex parte proceeding, and was therefore inadmissible to show the time when settlement or entry was actually made under the homestead or pre-emption laws.

Where, in a suit to determine water rights, the decree necessarily fixed the amount to which plaintiffs were entitled as the carrying capacity of a certain ditch and from the excess awarded to defendants 30 inches, and declared that plaintiffs were not entitled to take any water from the source of supply to another ditch until defendants' 30 inches were supplied to her, the decree was not vague and uncertain as to the amount of water plaintiffs were entitled to as against defendants.

(Opinion filed, July 8, 1908.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. Rice, Judge.

Action by William D. Driskill and another against Elizabeth Rebbe and others. From a decree for complainants, and from an order denying defendants' motion for a new trial, they appeal. Affirmed.

*A. J. Plowman,* for appellants.

Where the patent itself does not recite the date of settlement, the court must look to the record upon which the patent was issued to determine that date. Duncan v. Newcomer, 9 S. D. 379. King v. McAndrews, 111 Fed. Rep. 863-864; Barden v. Northern Pac. R. Co., 154 U. S. 327; St. Louis S. & R. Co. v. Kemp, 104 U. S. 65; In Best v. Doe, 18 Wall 112. The patent which is afterwards issued, relates back to the date of the initiatory act, and cuts off all intervening claims. Shepley v. Cowan, 91 U. S. 330, 337; Benton v. Johncox, 49 Pac. 496. The declaratory statements are unsworn statements and are simply notices to the land office that the settler intends to claim the land therein described. Johnson v. Towsley, 13 Wall 72; Forbes v. Driskill, 4 Dak. 343. If the patent shall be considered equivalent to a judgment, then extrinsic evidence may be introduced to supply an omission therein, or to show what the real issues were which were thus adjudicated. Davis v. Brown, 94 U. S. 423; Washington A. & C. Packet Co. v. Sickles, 5 Wall. 580; Cromwell v. County of Sac, 4 Otto, 351; Gardner v. Bailey, 6 Wall, 499. The declarations of a grantor, while in possession of real property, are binding upon him and his grantees, when those declarations are against his interests. Such declarations are admissible for several purposes and are especially admissible to show the character of the title and possession of the party making them. Greenleaf on Evidence, Vol. 1, sec. 189; 1 Phillips (5th Ed.) on Evidence, p. 315; Podgett v. Lawrence, 10 Paige 170; Jackson v. Bard, 4 Johns 230. Norton v. Pettibone, 7 Conn. 319; Starkey on Evidence, Vol. 2, p. 401; Rice on Evidence, 466, Sec. 238; Tyler v. Mather, 9 Gray. 177; Osgood v. Coates, 1 Allen 77; Blake v. Everett, 1 Allen 248; Chapman v. Edmunds, 3 Allen 512; Pickering v. Reynolds, 119 Mass. 111; Simpson v. Dix, 131 Mass. 179; Holmes v. Turners' Falls Lumber Co., 6 L. R. A. 383. Com. v. Susquehanna & Dk. Co., 1 L. R. A. 225; Chadwick v. Towner, 69 N. Y. 404; Hillyard on Remedies for Torts, p. 333. The preemptor who settles upon land, appropriates both the land and the water, and when the patent of the United States is issued to him, he becomes the owner thereof, unless the water has been appropriated, under the local laws and customs of the district of the territory or state where the land lies, prior to the first act of set-

tlement by the pre-emptor. Sturr v. Beck, 133 U. S. 541, 50 N. W. 486; Lone Tree Ditch Co. v. Cyc. Ditch Co., et al., 15 S. D. 522; Benton v. Johncox, 49 Pac. 496-498; Shepley v. Cowan, 91 U. S. 330-337; Faulk v. Cooke, 26 Pac. 662. Kinney on Irrigation, Sec. 220-221; Larsen v. Oregon Ry. & Nav. Co., 23 Pac. 976; Long on Irrigation, Sec. 30; McGuire v. Brown, 39 Pac. 1060; Taylor v. Abbott, 37 Pac. 408; Cole v. Logan, 33 Pac. 569; Scott v. Toomey, 8 S. D. 645. There could be no prescription running against the riparian right of the Walker ranch by virtue of any user of the water through the Stotts ditch, when a riparian owner permits flowing water to pass beyond the boundaries of the riparian land, he has lost all right, title or interest to that water and the use thereof by anybody cannot be then adverse to such upper riparian owner, so that the use through the Stotts ditch, which was below the Walker ranch and upon the Young ranch, could never ripen into a prescriptive right as against the riparian rights upon the Walker ranch. Lakeside Ditch Co. v. Crane, 22 Pac. 77; Farnham, Water and Water Rights, Vol. 2, page 1745, Sec. 536; Crawford Co. v. Hathaway, 93 N. W. 781; Walker v. Lillington, 70 Pac. 282; Hoy v. Sterrett, 2 Watts, 327; Hinckley v. Nickerson, 117, Mass. 213; Gould v. Boston Duck Co., 13 Gray 442; Martin v. Bigelow, 2 Aik. 184; Politt v. Long, 58 Barb. 20; Bathgate v. Irvine, 126 Cal. This is an action to quiet title and for damages for trespass to the common property, and for an injunction. In actions of trespass, cloud on title, waste and diversion tenants in common should join, 4 Kent., 369, and cases cited. Bliss v. Grayson, 56 Pac. 239-240; Robinson v. Kind, 47 Pac. 2; Marshall v. Mosely, 21 N. Y. 280. Hasbrouck v. Bunce, 62 N. Y. 479; Austin v. Hall, 13 Johns. 287; Bihler v. Platt, 52 Cal. 550; Sammes v. Blanchord, 25 Wis. 329; Dupuy v. String, 37 N. Y. 372; Section 679 Code of Civ. Proc. Rev. Code of 1903. A parol transfer of a settler's right to the land carries with it a waterright appurtenant thereto, entitling the transferee to the benefits of the priority of the appropriator. McDonald v. Lannen, 47 Pac. 649; Wood v. Lowney, et al. 50 Pac. 795; Hindman v. Rizor, 27 Pac. 13; Geddis v. Parish, 21 Pac. 314; Low v. Shaffer, 33 Pac. 679. The riparian right to the use of water is inseparably annexed to the soil and passes with it,

not as an easement nor as an appurtenance, but as a parcel of it. Angell on Water Courses, Sec. 92 p. 99. Long on Irrigation, Sec. 13; Kinney on Irrigation, Sec. 59; Black's Pomeroy on Waters, Sec. 9. Farnham's Water and Water Rights, Sec. 722; Gould on Waters, p. 395; Stenger v. Tharp, 94 N. W. 404. He has a right to have it flow in its accustomed channel within the boundaries of his land, and while it is there, no subsequent user can gain title to it by prescription. See also Dunn v. Thomas, 96 N. W. 142; Crawford Co. v. Hathaway, 93 N. W. 781. A person is not in adverse possession of land against another who obtains a patent from the United States until after the patent issues. The plaintiffs, therefore, could not obtain title to the waters of Crow creek either by the Miller & Mulholland ditch and water-right or the Stotts ditch and water-right by prescription. Gibson v. Choteau, 80 U. S. 92 Bk; Shuffleton v. Nelson, Fed. Cas. No. 12822; Bonner v. Phillips, 77 Ala. 427; Sabichi v. Aguilar, 43 Cal. 285; Anzar v. Miller, 90 Cal. 342, 27 Pac. 299; Gardner v. Miller, 47 Cal. 570; Henshaw v. Bissell, 18 Wallace, 255 Bk; Churchill v. Sowards, 78 Iowa 472, 43 N. W. 271; Janes v. Wilkinson, 2 Kan. App. 361; 42 Pac. 735; Perkins v. Vincent, 47 La. Ann. 579, 17 South. 126; McIlhinney v. Ficke, 61 Mo. 329; Smith v. McCorkle, 105 Mo. 135, 16 S. W. 602; Whitney v. Gunderson, 31 Wis. 359; Mayer v. Carothers, 14 Mont. 274, 36 Pac. 182; Gould on Waters, Sec. 230; Great Northern Ry. Co. v. Town of Viborg, 97 N. W. 6; Carson v. Gentner, 52 Pac. 508; Hayes v. United States, Bk. 44 L. Ed. 155; Mills v. Traver, 53 N. W. 67; King v. Thomas, 12 Pac. 865; Current Law, Sec. 4, page 1315; Sparks v. Pierce, 115 U. S. 408, Bk. 4 Dak. 1.

*John R. Wilson* and *Martin & Mason,* for respondents.

Where the first appropriator had given notice in accordance with law, of his intention to appropriate the water of a certain stream, and his works for diverting the same were begun in good faith and carried forward and prosecuted with all due and reasonable diligence to their completion, then the first appropriator acquires an exclusive prior right to divert the water as regards others subsequent to the date of notice, which right dates back by relation to the time the first step was taken, as the law allows a

reasonable time for him to complete his appropriation by diverting and using the water for some beneficial use or purpose. Hall v. Blackman, 68 Pac. 19; Kinney on Irrigation, Sec. 168-238; Elliot v. Whitmore, 65 Pac. 70; Nevada Ditch Co. v. Bennett, 45 Pac. 442; Hague v. Irrigation Co., 52 Pac. 765. A right to the use of waters may be acquired in the western states as against one who formerly claimed the water by virtue of a prior appropriation, riparian rights, or prescription itself, or as against one who claimed by any other right acquired in waters; by an exclusive, uninterrupted, open, notorious and peaceable enjoyment of the water in a particular way, and under a claim of color of right, for a period corresponding to the time fixed by statute of limitations as a bar to an entry on land. Kinney on Irrigation, Sec. 470; Gould on Waters, Sec. 334-338; Swan v. Munch, 35 L. R. A. 743; Glencoe v. Wadsworth, 48 Minn. 402; Alta Land & Water Co. v. Hancock, 24 Pac. 645; Carson v. Hayes, 65 Pac. 814; Cox v. Clough, 11 Pac. 732; Oregon Construction Co. v. Allen Ditch Co., 69 Pac. 455; Rice v. Meiners, 68 Pac. 817; Tolman v. Casey, 13 Pac. 669; Stenger v. Tharp, 94 N. W. 404.

CORSON, J. This action was instituted by the plaintiffs to restrain the defendants from diverting the waters of Crow creek so as to interfere with the rights of the plaintiffs to the use of the same. Findings and judgment being in favor of the plaintiffs, the defendant Elizabeth Rebbe has appealed. The original complaint was drawn upon the theory that there was an existing contract between the defendants Rebbe and wife and the grantors of these plaintiffs whereby the defendants Rebbe had a right to the use of sufficient of the water of Crow creek for the irrigation of 15 acres of their land underlying plaintiffs' ditches. The defendant Rebbe answered, admitting the execution of the contract as alleged in the plaintiff's complaint, but denied that he had any authority to do so, and alleged that his wife owned the land referred to. The defendant Elizabeth Rebbe answered denying all of the allegations of the complaint. Subsequently and before the trial the plaintiffs obtained leave to file and serve an amended complaint, which was thereupon served and filed. The defendants separately answered

the amended complaint without objection thereto. At the beginning of the trial the defendants objected to the introduction of any evidence on the part of the plaintiffs for the reason that the amendment to plaintiffs' complaint entirely changed the character of the action to an action for damages for conversion of water. This objection was overruled, and the appellants contend that the court erred in permitting the plaintiffs to offer evidence under the said amended complaint.

It is contended by the appellants that the amendment is not within the discretion of the court, as it changes the character of the action even though such amendment was made some five months before the trial, and that the amendment in question did change the plaintiffs' cause of action.

It is contended by the respondents that an amendment made prior to the trial may change substantially the claim or defense, and that the only limitation upon the power of the court to allow amendments is that an amendment made at or after the trial so as to conform to facts proven, or facts in support of which proof is offered, must not substantially change the cause of action or defense. We are of the opinion that under the decision made by this court in the case of Murphy v. Plankinton Bank, 18 S. D. 317, 100 N. W. 617, the respondents are right in their contention. In that case after a careful review of the authorities this court reached the conclusion that the limitation prescribed in the statute only applied to amendments made on or after the trial, and hence that an amendment which changed the nature of the action could be made before the trial within reasonable limits. It is true the plaintiffs in their original complaint claimed that the defendants were only entitled to sufficient water to irrigate 15 acres under a contract set out in the complaint, and that in their amended complaint they allege that they are the owners of a certain water right, and are entitled to the amount of water designated in the notices of location therein. We are unable to perceive in what respect the defendants were injured or prejudiced by the amendment. It is not suggested that any defense of the bar of the statute of limitations would be cut off by the amendment, or that the defendants would be subjected to more expense or inconvenience in proving their defense

in case the amendment was allowed than they would in case the original action was dismissed and a new action commenced. It seems to be the policy of our Code to have all matters of litigation determined so far as possible in one action, and the whole theory of the Code is opposed to a multiplicity of actions. We are of the opinion, therefore, that the trial court did not abuse its discretion in permitting the amendment to the complaint. Wolfinger v. Thomas, 22 S. D. 1, 115 N. W. 100; Levy v. Chittenden, 120 Ind. 40, 22 N. E. 92; Burr v. Mendenhall, 49 Ind. 496. We are of the opinion, also, that the defendants having answered the amended complaint without objection in effect waived any objection thereto. 1 Ency. Plead. & Prarc. 573.

The plaintiffs claimed title (1) to the waters of Crow creek by the appropriation and diversion of the waters of said Crow creek and by means of two ditches known as the "Stotts" and "Miller & Mulholland" ditches prior to the settlement upon the lands by the defendant or her grantors, and the ownership of said ditches by them; (2) that for more than 20 years prior to the institution of this action they and their grantors were in sole, continuous, and exclusive possession of, claiming the right to the waters of, Crow creek flowing through said Stotts ditch.

The defendant and appellant claims the right to the waters of Crow creek (1) by reason of the settlement thereon as riparian owners by her grantors, Willis E. Young and Lilly A. Walker, prior to the location of any valid water rights acquired by the grantors of the plaintiffs by means of their said appropriation and diversion of the waters of said Crow creek; (2) that at the time of the appropriation and diversion of the waters of Crow creek by the grantors of the plaintiffs, the said locators of the said water rights were trespassers upon the land located and claimed by the said Willis W. Young and Lilly A. Walker; (3) that if George W. Stotts located the Stotts ditch water right, he conveyed his interest therein to one of the grantors of the defendant; (4) that the Stotts water right was in fact located by Samuel and John Stotts, who conveyed their interest to the defendant prior to the commencement of this action; (5) that the plaintiffs and their grantors were not in the exclusive, open, and notorious possession

of the said so-called Stotts ditch for 20 years prior to the commencement of this action; (6) that the title to the lands located by Willis E. Young and Lilly A. Walker remained in the United States until patents were issued therefor, and that said patents were not issued 20 years prior to the commencement of this action; (7) defendant also contends that the court erred in excluding certain evidence and proceedings in the United States Land Office, and to which rulings of the court in excluding the same the defendant duly excepted; (8) that the court's findings of fact, except findings 23 and 24, are not supported by the evidence, and that the court's conclusions from its findings are erroneous, and that the decree of the court is vague and uncertain as to the amount of water the defendant is permitted to take from Crow creek for the purpose of irrigating her said lands.

It will be observed that the principal questions involved in this case are questions of fact as to the priority of the location of the water rights and ditches, under which the plaintiffs claim the waters of said Crow creek and the entries made upon the lands riparian to said creek made by the grantors of the defendant.

The court in its findings of fact, among other things, found, in substance, that on February 20, 1880, Elliel Miller and Thomas Mulholland entered upon the vacant and unoccupied public lands of the United States and made a water right location, claiming the right to divert the waters of Crow creek for irrigation, domestic, and other uses to the extent of 320 inches, miners' measurement, and that they perfected their water right location, and that one-half interest in the same was by means of mesne conveyances vested in the plaintiffs. The court further finds that on the 1st day of February, 1880, one George W. Stotts settled upon a tract of land on Crow creek and that prior thereto the said George W. Stotts, by means of a head gate and ditch connected therewith, diverted the waters of Crow creek for the purpose of irrigating said land for domestic and other purposes, claiming 150 inches of the waters of said creek; that said Stotts perfected his location and irrigated at least 120 acres of his land by means of said ditch and water right, and that in May, 1886, he and his wife conveyed the lands and water right to the grantors of the plaintiffs, and that the grantors

of the plaintiffs and the plaintiffs have ever since remained in possession of the water right and ditch. The court further finds that in April, 1880, Willis E. Young, one of the grantors of the defendant, settled upon a tract of land riparian to Crow creek, and that Willis E. Young and wife conveyed the said premises to the defendant Elizabeth Rebbe; that in June, 1880, Lilly A. Walker, one of the grantors of the defendant, settled upon a quarter section of land on Crow creek; that she died in February, 1882; that thereafter, in 1887, a patent was issued to her heirs, and that subsequently in 1892, the defendant became the owner of the same. The court in its findings 23 and 24 finds that Samuel Stotts and John Stotts located what is known as the "Stotts" ditch in 1878, and that prior to the commencement of this action they conveyed their interest therein to the defendant.

It will thus be seen that the Miller and Mulholland water right, under which the plaintiffs claim title, was located prior to the settement made upon Crow creek by either Willis E. Young or Lilly A. Walker, the grantors of the defendant, and that the Stotts ditch and water right, as located by George W. Stotts, was located prior to the settlement of either of defendant's grantors. The evidence in regard to the time of these locations of the water rights and the settlements upon the lands by defendant's grantors is sharply conflicting, and this court, after a careful examination of the same, is unable to say that there was a preponderance of evidence in favor of the settlements of the grantors of the defendant, prior to the location of the water rights, under which the plaintiffs claim the right to the said waters of Crow creek.

The evidence is very voluminous, extending over several hundred pages of printed abstract, and no useful purpose would be served in reproducing the same in this opinion, and its reproduction would extend this opinion to an unreasonable length. The rule is too well settled in this jurisdiction to require the citation of authorities that the findings of the court are presumptively correct, and, unless there is a clear preponderance of evidence against the findings of the trial court, such findings will not be disturbed by this court. Assuming therefore that the court's findings are correct and that the water rights, under which the plaintiffs claim title,

were located prior to any settlement upon the lands by the grantors of the defendant, the plaintiffs were clearly entitled to a decree in their favor, as under the law as it then existed the right to locate the waters of any creek or water course flowing through the public domain was fully recognized both by law and custom, in force in this territory.

Section 2339 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1437) provides that: Whenever, by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of courts, the possessors and owners of such vested rights shall be maintained and protected in the same. * * *" And section 2340 (U. S. Comp. St. 1901, p. 1437) provides: "All patents granted, or pre-emption or homesteads allowed, shall be subject to any vested and accrued water rights, or rights to ditches and reservoirs used in connection with such water rights, as may have been acquired under or recognized by the preceding section."

In Scott v. Toomey, 8 S. D. 639, 67 N. W. 838, after quoting the above sections, this court says: "This has been the law in the Black Hills country, by custom and the decision of the courts, since February 28, 1877." The rights of the parties must therefore be determined by priority of location as between the water right of the defendant and the pre-emption right of the plaintiffs' grantor. Sturr v. Beck, 6 Dak. 71, 50 N. W. 486; Same v. Same, 133 U. S. 541, 10 Sup. Ct. 350, 33 L. Ed. 761.

The Supreme Court of the United States in Atchison v. Peterson, 20 Wall. (U. S.) 507, in discussing a similar question said: "This equality of right among all the proprietors on the same stream would have been incompatible with any extended diversion of the water by one proprietor. * * * But the government being the sole proprietor of all the public lands, whether bordering on streams or otherwise, there was no occasion for the application of the common-law doctrine of riparian proprietorship with respect to the waters of those streams."

There seems to be a conflict in the findings of the court as to the parties locating the Stotts ditch and the date of this location, but in the view we take of the case this conflict in the findings is not very material, as the court's findings as to the location of the so-called Stotts ditch by Samuel and John Stotts does not definitely find that their location was perfected, or that the waters of Crow creek were duly appropriated by the purported location of the same. We shall therefore assume for the purpose of this decision that the court's findings as to the location of the Stotts ditch by George W. Stotts became vested in the plaintiffs' grantors.

The court concludes as a matter of law "(1) that the plaintiffs are the owners of an undivided one-half interest in the Miller and Mulholland ditch and water right, and are entitled to the prior and exclusive right by reason thereof to divert the waters of Crow creek to the extent necessary and proper for domestic uses, and the irrigation of from one hundred and twenty-five to one hundred and thirty acres of land, not exceeding, however, an undivided one-half of the present capacity of the said Miller and Mulholland ditch, with the right to go upon the lands over and across which the said ditch and headgate are located for the purpose of maintaining and operating the same; (2) that the defendant Elizabeth Rebbe is entitled, as a riparian owner, to divert from the waters of Crow creek, or the springs connected with and adjacent thereto, such water as may remain in said creek after supplying the Miller and Mulholland water right as herein provided, to the extent that may be necessary and proper for the irrigation of her land riparian to said Crow creek, hereinbefore described; but not exceeding in the aggregate more than thirty (30) inches, miner's measurement, of the said water; (3) that the plaintiffs are owners by prescription of the Stotts ditch and water right, and entitled to divert from the waters of Crow creek, through and by means of said Stotts ditch, such water as remains in said Crow creek after supplying the Miller and Mulholland water right and the Rebbe riparian right, not exceeding thirty (30) inches of said water, as herein provided, with the right to go upon the land over and across which the said ditch and headgate are located, for the purpose of maintaining and operating the same."

The first and second conclusions of law seem to be clearly sustained by the findings of the court, and these conclusions of law seem to necessarily follow from the findings of the court and the first and second findings are sufficient to support the judgment of the court, independently of the third conclusion.

It is further contended by the appellant that the plaintiffs were not proper parties to this action, as they had conveyed the property by trust deed to James P. Prindle prior to the commencement of this action to secure the payment of $5,500 loaned by the said Prindle to the plaintiffs and secured by trust deed. But an examination of such deed discloses the fact that no power of sale was vested in the trustee, and that in case of 'default in the payment of the principal, interest, etc., plaintiffs were required through their trustee to make application to the court by a bill in equity for a decree foreclosing the same, thus making the trust deed in effect under our Code a mortgage constituting only a lien upon the property, and leaving the legal title still in the mortgagors. Langmaack v. Keith et al., 19 S. D. 351, 103 N. W. 210; McVay v. Tousley et al., 20 S. D. 258, 105 N. W. 932. There is therefore no merit to the contention of the appellant that the plaintiffs are not proper parties.

In the view we take of the case it will not be necessary to determine the question as to the claim of the plaintiffs, that they were entitled to the waters of Crow creek by reason of their 20 years' use and occupation of the Stotts ditch, as under the findings of the court that ditch and water right was located, and the location perfected by George W. Stotts, and the same conveyed by him to to the plaintiffs' grantors, which was sufficient to vest the title so acquired by George W. Stotts in the plaintiffs and they succeeded to whatever rights he acquired by his location. As the court failed to find in favor of the appellant as to the transfer, by George W. Stotts to either of her grantors, of the title acquired by him by virtue of his location of the Stotts ditch, the court necessarily by implication found against the appellant's claim, the presumption being in the absence of an affirmative finding in favor of the appellant that the evidence was not sufficient to support the appellant's claim.

This brings us to the consideration of an important question arising on this appeal, namely, as to the admissibility of the records of the United States Land Office, including the evidence for the purpose of showing the time when settlement or entry was made under the homestead or pre-emption laws, as that evidence was excluded by the courts and its ruling excepted to by the appellants. The appellants offered the evidence taken in the United States Land Office at Deadwood, in making the entries by Lilly A. Walker, George W. Stotts, and Willis E. Young, which was objected to as incompetent and immateial, and the objection was sustained and exception taken. It is contended by the appellant that this evidence was admissible as being that of certain witnesses who had died or become incompetent before the trial of this action on the ground that the record of the proceedings in the United States Land Office are competent in the trial of an action involving the rights to property, the title to which has passed through said office. While it may be admitted that the records of a land office are generally admissible in evidence to prove any fact established by such record the evidence introduced in such proceedings is ex parte and clearly inadmissible for the reason that the evidence was taken in a proceeding to which neither of the plaintiffs in this action nor their grantors were parties. The rule is undoubtedly well settled that the evidence of a witness taken in an action who has died or become incompetent as a witness, or is absent from the jurisdiction of the court, may be admitted in a subsequent action between the same parties or their privies involving the same subject-matter. 16 Cyc. 1088; C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 586, 9 N. E. 263; Jeffries v. Castleman, 75 Ala. 262; St. Louis, I. M. & S. Ry. Co. v Sweet, 60 Ark. 550, 31 S. W. 571; Fredericks v. Judah, 11 Pac. 133; Jerome v. Bohm, 21 Colo. 322, 40 Pac. 570. But the evidence offered in the case at bar does not come within this rule. The Land Office proceeding did not constitute a trial as contemplated by the rule above stated, and the parties to this action were not concluded or directly affected by the evidence given in the Land Office proceedings as to the time settlement was made upon the land. We are of the opinion, therefore, that the court committed no error in excluding the evidence offered.

The contention of the appellant that the decree of the court is vague and uncertain, in that it does not definitely fix the amount of water to which the plaintiffs are entitled, as against the appellant, but we are of the opinion that this contention is untenable, and that the fact that the amount as limited to the carrying capacity of the ditch necessarily fixes the amount to which the plaintiffs are entitled, and from the excess of the amount so awarded to the plaintiffs under the Miller and Mulholland location the appellant is entitled to 30 inches and the plaintiffs are not entitled to take any water from the Crow creek through the Stotts ditch until the defendant's 30 inches is supplied to her from said Crow creek. The rights of the appellant therefore are definitely determined by the court, the amount of water she may take from the creek, and under what conditions she is entitled to the same.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.