## DRISKILL et al. v. REBBE et al.

Where a water right is subsequent and inferior to another's riparian right, the latter may use all the water required for domestic purposes and for proper irrigation of the land riparian to the stream.

(Opinion filed, November 14, 1911.)

On petition for rehearing. Granted, and former decision and judgment modified.

For former opinion, see 22 S. D. 242, 117 N. W. 135.

HANLEY, J. The judgment in this action was affirmed by a former decision of this court. Driskill v. Rebbe, 22 S. D. 242, 117 N. W. 135. Subsequently, a rehearing having been granted, the case was again argued and submitted.

Plaintiffs' claims are founded upon two appropriations, known as the "Stotts" and the "Miller & Mulholland" water rights; the validity, capacity, ownership, and priority of each being denied by the appellant, who owns two tracts of land, in whole or in part, riparian to Crow creek, in Lawrence county, and who bases her claim upon the rights acquired by the acquistion of such lands. The learned circuit court decided:

"(1) That the plaintiffs are the owners of an undivided one-half interest in the Miller & Mulholland ditch and water right, and are entitled to the prior and exclusive right by reason thereof to divert the waters of Crow creek to the extent necessary and proper for domestic uses and the irrigation of from 125 to 130 acres of land, not exceeding, however, an undivided one-half of the present capacity of the said Miller & Mulholland ditch, with the right to go upon the lands over and across which the said ditch and headgate are located for the purpose of maintaining and operating the same.

"(2) That the defendant Elizabeth Rebbe is entitled, as a riparian owner, to divert from the waters of Crow creek, or the springs connected with and adjacent thereto, such water as may remain in said creek after supplying the Miller & Mulholland water right as herein provided, to the extent that may be necessary and proper for the irrigation of her land riparian to said Crow creek, hereinbefore described, but not exceeding in the ag-

gregate more than 30 inches, miners' measurement, of the said water.

"(3) That the plaintiffs are owners by prescription of the Stotts ditch and water right, and entitled to divert from the waters of Crow creek, through and by means of said Stotts, ditch such water as remains in said Crow creek after supplying the Miller & Mulholland water right and the Rebbe riparian right, not exceeding 30 inches of said water, as herein provided, with the right to go upon the lands, over and across which the said ditch and headgate are located, for the purpose of maintaining and operating the same."

It is apparent, in view of the recent decisions of this court, that the form of the judgment which conforms to the decision should be modified, by striking out the limitation, "not exceeding 30 inches," as to the water appellant may use as riparian proprietor, after plaintiffs have received what they are entitled to use through the Miller & Mulholland ditch; because, as against the owner of the Stotts right, adjudged by the circuit court to be subsequent and inferior to appellant's riparian right, the latter is entitled to use all the water required for her domestic purposes and for the proper irrigation of all her land that is cultivable and riparian to Crow creek. Redwater Land & Canal Co. v. Reed, 26 S. D. 466, 128 N. W. 702.

This modification removes many of the objections urged by appellant on the rehearing, and which gave trouble to this court on the former hearing. If appellant, as against the plaintiffs, is allowed to use all the water she needs from the stream after the demands of the Miller & Mulholland appropriation are satisfied, it is immaterial to her who owns or uses the Stotts ditch; she not having alleged ownership thereof in herself. Hence, the trial court having determined that appellant's riparian rights are prior and superior to the Stotts appropriation, the only issues which affect her substantial rights are those relating to the validity, capacity, ownnership, and priority of the Miller & Mulholland appropriation. As to such issues the court adheres to the conclusions announced in its former decision.

In view of the modification indicated, it is deemed just that neither party should recover any costs or disbursements in this court. Except as modified herein, the former decision of this court is sustained, and the judgment of the circuit court affirmed.